count, up to $1,500, providing your firm will grant him or them a credit of thirty days.   Mr. Samson shall be allowed, as an alternative, to pay you every second payment by a ninety-days note, the note to be indorsed by me."

. Said Samson never asked to be allowed to give such note, nor did the Samson Company.   Acting on this guaranty, plaintiffs sold and delivered to the Samson Company, between August 21, 1905, and October 4, 1905, merchandise to the amount of $272.75, no part of which money has been paid, although payment has been duly demanded.   It seems to us that the letter of defendant and the acts of plaintiffs show prima facie a complete meeting of the minds as to the contract of guaranty, without any further or formal notice to defendant of the plaintiffs' acceptance of the guaranty, assuming none was given, especially as defendant's relations with the company should have kept him informed as to transactions between plaintiffs and said company.

It was error for the court to dismiss the complaint on plaintiffs' evidence, and the order and judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.  All concur.

---

## SWEENEY v. NATIONAL RELIEF ASSUR. ASS'N.

(Supreme Court, Appellate Term.   December 11, 1906.)

INSURANCE—LOSS OF LIFE—ACCIDENT INSURANCE.

> Where 'an accident policy provided that "no disability shall constitute a claim for accident, * * * nor for injury, sickness, or disability which results from or is attributable to * * * orchitis," no indemnity could be recovered for time lost on account of orchitis, whether or not it resulted originally from an accident.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John A. V. Sweeney against the National Relief Assurance Association.   From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Florence J. Sullivan, for appellant.
Edmund T. Oldham, for respondent.

GILDERSLEEVE, J.   The action is for three weeks' indemnity under a policy of accident insurance.   The justice found for the plaintiff.   Defendant appeals.

The policy provides that "no disability shall constitute a claim for accident, * * * nor for injury, sickness, or disability which results from or is attributable to * * * orchitis."   It is conceded that plaintiff's disability was due to orchitis.   Whether the orchitis resulted originally from an accident or not seems to be of little moment, under the express provision of the contract.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.