PEOPLE ex rel. LANGDON v. WALDO, Police Commissioner.

(Supreme Court, Appellate Division, Second Department. October 24, 1913.)

1. EVIDENCE (§ 14*)—JUDICIAL NOTICE—CONTAGIOUS DISEASES.

The Appellate Division will take judicial notice that syphilis may be contracted by a person entirely innocent of sexual commerce with one tainted therewith.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 19; Dec. Dig. § 14.*]

2. MUNICIPAL CORPORATIONS (§ 185*) — OFFICES — POLICE DEPARTMENT — GROUNDS FOR DISMISSAL.

It was improper to dismiss a policeman from the force on the ground of conduct unbecoming an officer in contracting syphilis, where it was not shown that the disease resulted from immoral practices.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Certiorari by the People, on the relation of Leroy Langdon, against Rhinelander Waldo, as Police Commissioner, to review a determination of the respondent, dismissing relator from the police force. Determination annulled, and relator reinstated.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Jacob Rouss, of New York City, for relator.

James D. Bell, of Brooklyn (Frank Julian Price, of Brooklyn, on the brief), for respondent.

JENKS, P. J. [1, 2] This relator was dismissed from the police force of the city of New York on a finding of guilty upon charges of conduct unbecoming an officer. The specification is that he contracted syphilis at some time in the past, and is now affected with syphilis. There is proof in the record that syphilis is an infectious disease. And we may take judicial notice that it may be contracted by a person entirely innocent of sexual commerce with one tainted therewith. No attempt was made to show that the relator contracted directly this disease as the result of immoral practices or of loose conduct. On the other hand, he was not suffered to testify that such was not the cause of his affliction if that ailment was established to the satisfaction of the trial commissioner. For aught that appears, the punishment of dismissal was inflicted for innocent misfortune, not conscious misdoing. If the relator be tainted with the disease to the peril of present association with other members of the force, that is a matter for physicians to regulate.

The determination is annulled, and the relator is reinstated, with $50 costs and disbursements. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes