MORRIS RITTER, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

City Court of New York, Bronx County, June 20, 1933.

*Raymond T. Heilperin*, for the plaintiff.

*Robert E. McCormick*, for the defendant.

DONNELLY, J. In this action the plaintiff seeks to recover of the defendant the sum of $1,075 alleged to be due as indemnity under the provisions of an accident and health policy issued by the defendant on plaintiff's life at the rate of $25 weekly for the period commencing February 17, 1932, and existing continuously for a period of forty-three weeks, plaintiff claiming that throughout said period he was wholly disabled by disease and prevented from performing any and every duty pertaining to his occupation. This policy was in force during the period on which the claim is based. The parties have stipulated that the plaintiff was wholly and continuously disabled throughout said period, to wit, from February 17, 1932, to December 12, 1932, and that during said period he was prevented from performing any and every duty pertaining to his occupation. There are no questions relating to the sufficiency of notice or the adequacy of proofs.

It was further stipulated: " That the plaintiff throughout said period from February 17, 1932, to December 12, 1932, suffered

from general paresis caused by syphilis and that his disability is the result of said disease, to wit, syphilis."

The material parts of the policy are to be found in clause " D " thereof, as follows:

" The insurance  *  *  *  shall not cover

" 1) disease contracted or disability sustained in the Tropics or in British possessions of North America north of the 60 degree of north latitude;

" 2) while the insured is engaged in military or naval service;

" 3) nor a sickness or disease for which the insured is not treated by a legally qualified physician;

" 4) nor any disease or disability caused by injuries through violence;

" 5) nor disability caused by venereal disease."

I quite agree with the plaintiff's counsel that the first four exceptions refer to conditions under the control of the insured, namely, his whereabouts; his activities; his attendance by a physician or his indulgence in violence.  I am unable to follow the contention that the last exception, disability caused by venereal disease, should be limited in meaning to a disability contracted through the voluntary act of the insured.  The courts may take judicial notice of the fact that syphilis may be contracted by a person entirely innocent of sexual commerce with one tainted therewith.  (*People ex rel. Langdon* v. *Waldo*, 158 App. Div. 936.) Syphilis being a venereal disease, whether contracted as the result of a voluntary act or otherwise, the language, " nor disability caused by venereal disease," does not admit of any qualification.  My attention has not been directed to any authority in this State upon the subject.  In *Coleman* v. *National Life & Accident Ins. Co.* (145 So. 298) the Court of Appeals of Louisiana had the same question before it.  It was there said: " In our opinion, the policy, which exempts venereal diseases from its coverage, imposes no liability upon the insurer for the effects of syphilis, however it may be acquired, whether socially or accidentally, for the reason that the intendment of the provision is to except from the insurer's liability venereal diseases, and not only such diseases as are socially acquired, since a venereal disease, whether it originate from sexual intercourse or from shaking the infected hand of a friend, is nevertheless a venereal disease."

In *Rodgers* v. *National Life & Accident Ins. Co.* (272 S. W. 1052) the Court of Appeals of St. Louis, Mo., had before it an action in which the beneficiary sought to recover the amount of a policy alleged to be due as a death claim.  The policy in question exempted from liability death from venereal disease.  The insured died from

dementia paralytica, which was caused by syphilis. The defendant below requested the court to instruct the jury that if it found that the insured died from such disease and that it was caused by syphilis and that syphilis was a venereal disease, its verdict should be for the defendant. The appeal was based solely on the refusal of the lower court to so charge. Upon appeal, the court held that the instructions should have been given, as there was evidence in the record that the insured had died of such disease and that such disease was caused exclusively by syphilis and that syphilis was a venereal disease. Verdict directed for the defendant; exception to plaintiff. Ten days' stay and thirty days to make and serve a case allowed.