283 P.2d 581

Lawrence R. MILLER, Natural Guardian and Father of Donna K. Miller, a Minor, Plaintiff-Appellant,

v.

WORLD INSURANCE COMPANY, a Corporation, Defendant-Respondent.

No. 8238.

Supreme Court of Idaho.

May 3, 1955.

A. A. Merrill, Idaho Falls, for appellant.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondent.

KEETON, Justice.

Plaintiff, appellant, is the father of Donna K. Miller, a minor, and seeks to recover costs of medical treatment, hospitalization and other expenses incurred, resulting from an accidental injury suffered by the minor. The complaint alleges that said daughter accidentally struck the right side of her body against the corner of a desk while at school, which resulted in a traumatic right inguinal hernia, necessitating medical treatment; that defendant, respondent, is liable for such expenses by the terms of a "Blanket School Child Accident Policy".

The court sustained a general demurrer to the complaint, appellant declined to plead further, the court dismissed the action, and appellant appealed.

The insurance policy sued on indemnifies those covered, including said minor, under certain prescribed and limited conditions, in a maximum specified amount for medical and other treatment necessitated because of injury suffered through accidental means. After specifying in detail the accidents, the conditions, and the amounts for which respondent is made liable, the policy provides:

"If such injuries * * * require medical, [or] surgical * * * treatment, hospital confinement or the employment of a registered nurse, * * the Company will pay the actual, necessary and usual expense of such treatment, hospital confinement and nursing * * * but no payment will be made for such expense incurred on account of hernia. * * *" (Emphasis supplied.)

It is admitted that the accident occurred at a time and in a manner which, under the terms of the policy would impose liability on respondent for the treatment and medical cost of any other injury.

The only matter presented for determination is whether, as a matter of law, the insurance policy covers the medical and other expenses necessitated by the accident.

■ Policies of insurance, as other contracts, are to be construed in their ordinary meaning, and where the language employed is clear and unambiguous, there is no occasion to construe a policy other than the meaning as determined from the plain wording therein.

■ It is the function of the Court to construe a contract of insurance as it is written, and the Court by construction cannot create a liability not assumed by the insurer, nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability. Hawkeye Commercial Men's Ass'n v. Christy, 8 Cir., 294 F. 208, 40 A.L.R. 46; Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452, 14 S.Ct. 379, 38 L.Ed. 231; Commonwealth Casualty Co. v. Aichner, 8 Cir., 18 F.2d 879; Spence v. New York Life Ins. Co., 154 Kan. 379, 118 P.2d 514, 137 A.L.R. 753; Northwestern Mutual Life Ins. Co. v. Neafus, 145 Ky. 563, 140 S.W. 1026, 36 L.R.A.,N.S., 1211; Szymanska v. Equitable Life Insurance Co., Del., 7 W.W. Harr., 272, 183 A. 309; 44 C.J.S., Insurance, § 290, et seq., p. 1139.

When we examine the contract of insurance, the basis of this suit, it is plainly apparent that respondent, by the terms of the policy, is not liable for medical bills or other expenses incurred on account of hernia, resulting from an accident.

The contention of appellant that the policy in question should be liberally construed to include medical and other expenses incurred because of the accident would require this Court to write a new contract for the parties.

The contract on its face is not ambiguous or subject to a construction other than the one the policy implies.

Similar situations where an insurance policy contained an exception to the general liability assumed by the insurer have been by other courts construed holding such exception a valid limitation on the right of recovery. Sweeney v. National Relief Assur. Ass'n, 52 Misc. 144, 101 N.Y.S. 797; Murphey v. Inter-Ocean Cas. Co., 98 Ind.App. 668, 186 N.E. 902; Domino v. National Cas. Co., 321 Ill.App. 305, 52 N.E.2d 837; Ritter v. Equitable Life Assurance Soc., 148 Misc. 120, 265 N.Y.S. 341; Sampson v. Postal Life & Casualty Ins. Co., Mo.App., 78 S.W.2d 466.

The above cases are cited as illustrative but not exclusive of the principle.

The liability sought to be imposed is not included in the coverage. The judgment is affirmed. Costs to respondent.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.