30 P.3d 286

Sharon N. ERLAND, Plaintiff–
Respondent,

v.

NATIONWIDE INSURANCE COMPANY,
Defendant–Appellant.

No. 25909.

Supreme Court of Idaho.
Boise, February 2001 Term.

July 11, 2001.

Brady Lerma, Ctd., Boise, for appellant. Michael G. Brady argued.

Ellsworth, Kallas and Talboy, Boise, for respondent. Robert W. Talboy argued.

SCHROEDER, Justice.

This is a breach of contract action brought by Sharon Erland (Erland) against Nationwide Insurance Company (Nationwide). Erland alleged that she was entitled to benefits pursuant to the Uninsured/Underinsured Motorist (UIM) coverage provision in her Nationwide insurance policy.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

The parties have stipulated to the following facts. Erland was injured in a car accident that occurred on June 7, 1994, in Portland, Oregon. She was a passenger in the car. Erland's daughter Kerilynn was driving the car at the time of the accident. Kerilynn had an insurance policy at the time of the accident that provided UIM coverage limits in the amount of $50,000 per person/$100,000 per occurrence. The full policy limits of $100,000 were paid to Erland by Kerilynn's policy. The total damage value of Erland's claim exceeds $150,000. Erland made a claim for $50,000 UIM coverage under her own policy. Nationwide denied the claim based on an external UIM anti-stacking provision contained in Erland's policy.

The relevant portions of Erland's policy read:

LIMITS AND CONDITIONS OF PAYMENT

AMOUNTS PAYABLE FOR UNINSURED MOTORIST LOSSES

We agree to pay losses up to the limits stated in the attached Declarations. The following conditions apply to these limits:

. . .

2. Coverage applies as stated in the Declarations. The insuring of more than one person or vehicle under these coverages does not increase our payment limits. In no event will any insured be entitled to more than the highest limit applicable under any policy issued by us or an affiliated company.

OTHER INSURANCE

If there is other insurance:

1. For bodily injury suffered by an insured while occupying a motor vehicle you do not own, we will pay the insured loss not covered by other insurance. However, this insurance will apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of the other insurance.

2. Except as stated above, if there is other insurance similar to this coverage under any other policy, we will be liable for only our share of the loss. Our share is our proportion of the total insurance limits for the loss.

3. In any event, if more than one policy applies, total limits applicable will be considered not to exceed the highest limits amount of any one of them.

Erland filed a complaint against Nationwide, and the parties filed cross motions for summary judgment in the Spring of 1999. The district court granted Erland's motion and entered judgment for $50,000, plus interest, costs and attorney fees. Erland filed a motion for reconsideration requesting the district court to reconsider its order concerning the calculation of interest. The district court entered its amended judgment, awarding prejudgment interest from the date of the accident in the amount of $31,446.72. Nationwide appealed.

## II.

## THE DISTRICT COURT ERRED IN HOLDING THAT THE NATIONWIDE POLICY CONTAINED INTERNALLY INCONSISTENT, AMBIGUOUS, AND REPUGNANT "OTHER INSURANCE" CLAUSES.

### A. Standard of Review

 When this Court reviews a district court ruling on summary judgment, it employs the same standard employed by the district court originally reviewing and ruling on the motion. *Farmers Ins. Co. of Idaho v. Talbot*, 133 Idaho 428, 431, 987 P.2d 1043, 1046 (1999). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). Where, as in this case, the parties have stipulated that there is no genuine issue of material fact, all reasonable inferences will be drawn in favor of the party opposing the motion. *Talbot*, 133 Idaho at 431, 987 P.2d at 1046, *citing Brown v. Perkins*, 129 Idaho 189, 191–192, 923 P.2d 434, 436–437 (1996). The issues raised in this case pose questions of law. "When questions of law are presented, this Court is not bound by findings of the district court, but is free to draw its own conclusions from the evidence presented." *Mutual of Enumclaw v. Box*, 127 Idaho 851, 852, 908 P.2d 153, 154 (1995).

### B. The Policy

The district court and the parties have focused on the policy promulgated in *Sloviaczek v. Estate of Puckett*, 98 Idaho 371, 565 P.2d 564 (1977), and subsequent "other insurance" cases[1], to stand for the proposition that "conflicts" render "other insurance" clauses within a policy repugnant and void. These arguments are misplaced. The holding in *Sloviaczek* and subsequent cases address conflicts between respective policies, not within a given policy. Therefore this Court's analysis has two parts. The first issue to resolve is whether the language of

the policy itself, that being Erland's policy, is ambiguous or inconsistent. The second issue to resolve is whether the two policies, those being Erland's policy and Kerilynn's policy, conflict. The analysis of *Sloviaczek* and subsequent cases only comes into play under the analysis of the second issue.

 The issue of whether an insurance policy is ambiguous is a question of law over which this Court exercises free review. *Talbot*, 133 Idaho at 431, 987 P.2d at 1046. Where contract provisions are not against public policy, the contract provisions govern. *Featherston v. Allstate Ins. Co.*, 125 Idaho 840, 875 P.2d 937 (1994). There exists no public policy in regard to underinsured motorist coverage. *Nationwide Mut. Ins. Co. v. Scarlett*, 116 Idaho 820, 822, 780 P.2d 142, 144 (1989). Therefore, in this case the contract provisions govern.

 Insurance contracts are considered adhesion contracts and will be construed, in the presence of ambiguity, most strongly against the insurer. *Mutual of Enumclaw Ins. Co. v. Roberts*, 128 Idaho 232, 912 P.2d 119 (1996). However, the Court has repeatedly stated that it is the function of the Court "to construe a contract of insurance as it is written, and the Court by construction cannot create liability not assumed by the insurer, nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability." *Kromrei v. AID Ins. Co.*, 110 Idaho 549, 551–552, 716 P.2d 1321, 1323–1324 (1986), citing *Unigard Ins. Group v. Royal Globe, Etc.*, 100 Idaho 123, 128, 594 P.2d 633 (1979) (quoting *Miller v. World Ins. Co.*, 76 Idaho 355, 357, 283 P.2d 581, 582 (1955)).

The relevant portion of Erland's policy states:

**OTHER INSURANCE**

If there is other insurance:

1. For bodily injury suffered by an insured while occupying a motor vehicle you do not own, we will pay the insured loss

---

1. *See Empire Fire & Marine Ins. v. N. Pacific*, 127 Idaho 716, 905 P.2d 1025 (1995); *State v. Continental Casualty Co.*, 126 Idaho 178, 879 P.2d 1111 (1994); *Kromrei v. AID Ins. Co.*, 110 Idaho 549, 716 P.2d 1321 (1986); *Unigard Ins. Group v. Royal Globe Ins. Co.*, 100 Idaho 123, 594 P.2d 633 (1979).

not covered by other insurance. However, this insurance will apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of the other insurance.

2. Except as stated above, if there is other insurance similar to this coverage under any other policy, we will be liable for only our share of the loss. Our share is our proportion of the total insurance limits for the loss.

3. In any event, if more than one policy applies, total limits applicable will be considered not to exceed the highest limits amount of any one of them.

■ Erland argues that paragraphs one and two are ambiguous. Referring to only paragraph one and two, an insured is not clearly informed as to the amount that will be paid. However, the third paragraph, on which Nationwide relies, provides that if more than one policy applies, the total of the insured's recovery will not exceed the highest limit amount of any one of them. This paragraph is clear. The amount covered will not exceed the highest limit of any one of the policies involved. Nationwide has paid that amount. Any ambiguities in paragraphs one and two are irrelevant in light of the clear limitation in paragraph three. Erland purchased a policy that guaranteed her a recovery up to her policy limits, $50,000. She received more than that amount because of the higher limits in Kerilynn's policy. She has received the maximum amount allowed by·the clear language of paragraph three.

### III.

### THE DISTRICT COURT ERRED IN HOLDING THAT THE COMBINED LIMITS OF BOTH NATIONWIDE POLICIES UNDER EXAMINATION IN THIS CASE ARE AVAILABLE TO ERLAND.

■ The Court explained in *Sloviaczek*, 98 Idaho at 373, 565 P.2d at 566, that there are three categories of "other insurance" clauses: (1) pro rata clauses that limit insurer's liability to pro rata share of the loss proportioned by the policy limits of all collectible insurance; (2) excess clauses that

limit insurer's liability to the amount which the loss exceeds coverage of other policy; and (3) escape clauses that eliminates insurer's liability if there is there is any coverage under another policy. The Court held that "[a] circularity problem is usually created when there is more than one 'other insurance' clause." *Sloviaczek*, 98 Idaho at 374, 565 P.2d at 567. The Court noted that "[t]he only time a circularity problem does not exist is when all of the other insurance clauses are of the pro rata type." *Id.* at n. 2.

The crux of the *Sloviaczek* decision which applies to the instant case is that the "other insurance" clauses in *Sloviaczek* were excess clauses which "[i]f interpreted literally, they would result in no coverage at all" and therefore should be rejected. *Sloviaczek*, 98 Idaho at 375, 565 P.2d at 568.

■ As the court did in *Sloviaczek*, a court must compare the clauses of the applicable policies to determine if the clauses conflict. If clauses conflict they are void and the coverage of both policies can be stacked, allowing the insured to collect under both policies. *Id.* However, if the clauses do not conflict, they are enforced. *See Unigard Ins. Group*, 100 Idaho at 128, 594 P.2d at 638. In this case the policies do not conflict. Erland has coverage of $50,000 at minimum under her policy if her injuries equal or exceed that amount. Her injuries did exceed that amount, but Nationwide acknowledged coverage under Kerilynn's policy for $100,00. There is no conflict between the two policies.

### IV.

### CONCLUSION

The decision of the district court is reversed. Nationwide is awarded costs on appeal.

Chief Justice TROUT, Justices WALTERS, KIDWELL, and EISMANN, concur.