65 P.3d 184

Beth PURDY and Curtis Purdy,
Plaintiffs–Appellants,

v.

FARMERS INSURANCE COMPANY OF
IDAHO, Defendant–Respondent.

No. 28023.

Supreme Court of Idaho,
Boise, December 2002 Term.

Jan. 24, 2003.

Rehearing Denied March 19, 2003.

444

Belodoff Law Office, Boise, for appellants. Howard A. Belodoff argued.

Gjording & Fouser, Boise, for respondent. Bobbi K. Dominick argued.

EISMANN, Justice.

This is an appeal from the judgment of the district court dismissing a bad faith claim against Farmers Insurance Company of Idaho. Because there was no coverage under the insurance policy, we affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

Farmers Insurance Company of Idaho (Farmers Insurance) issued a policy of car insurance to Curtis Purdy under which both he and his wife Beth were insureds. On August 23, 1997, during the term of the

policy, Beth Purdy was severely injured while she was a passenger in a car owned and operated by her mother. While stopped because of a horse on the highway, the car was struck in the rear by a truck. The driver of the truck was covered by liability insurance with policy limits of $25,000 per person and $50,000 per occurrence. Farmers Alliance Mutual Insurance Company (Farmers Alliance) insured Beth's mother's car under a policy that provided underinsured motorist (UIM) coverage to Beth as a passenger in the car.

The Farmers Insurance policy also included UIM coverage. On June 29, 1999, the Purdys submitted a proof of loss to Farmers Insurance. The other-insurance clause in the UIM endorsement to the Farmers Insurance policy included a provision stating, "We will not provide insurance for a vehicle other than **your insured car** or **your insured motorcycle,** unless the owner of that vehicle has no other insurance applicable to this part." (Emphasis in original.) Therefore, Farmers Insurance initially denied payment because Beth's mother, the owner of the vehicle in which Beth was riding, had UIM coverage that covered Beth as a passenger in that vehicle.

On October 22, 1999, the Purdys settled their claim against the driver of the truck. They received $17,500; Beth Purdy's mother received $25,000; and other claimants received $7,500. Farmers Alliance then paid the Purdys the $25,000 limits of the UIM coverage under its policy.

On March 2, 2000, the Purdys filed this action against Farmers Insurance seeking to recover for breach of contract and bad faith. Thereafter, Farmers Insurance paid the Purdys $100,000, which were the limits of UIM coverage under its policy.

On August 2, 2001, Farmers Insurance filed a motion for summary judgment contending that there was no factual basis for the bad faith claim because there was no coverage or, if there was, the issue of coverage was fairly debatable. After a hearing, the district court agreed and granted the motion. On November 15, 2001, the district court entered judgment dismissing the com-plaint with prejudice, and the Purdys timely appealed.

## II. ISSUES ON APPEAL

A. Did the district court err in holding that the Farmers Insurance policy was not ambiguous and that there was no coverage under the insurance policy?

B. Is Farmers Insurance collaterally estopped by appellate decisions in other states from arguing that there was no coverage under the insurance policy?

C. Was there a conflict between the other-insurances clauses in the Farmers Insurance and Farmers Alliance policies so that both clauses are void and unenforceable?

## III. ANALYSIS

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Infanger v. City of Salmon,* 137 Idaho 45, 44 P.3d 1100 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

**A. Did the District Court Err in Holding that the Farmers Insurance Policy Was Not Ambiguous and that There Was No Coverage under the Insurance Policy?**

Whether an insurance policy is ambiguous is a question of law over which this Court exercises free review. *Erland v. Nationwide Ins. Co.,* 136 Idaho 131, 30 P.3d 286 (2001). A policy provision is ambiguous if it is reasonably subject to differing interpretations. *Moss v. Mid–Am. Fire and Marine*

*Ins. Co.,* 103 Idaho 298, 647 P.2d 754 (1982). When deciding whether or not a particular provision is ambiguous, we must consider the provision within the context in which it occurs in the policy. *North Pac. Ins. Co. v. Mai,* 130 Idaho 251, 939 P.2d 570 (1997).

 The main policy provided that UIM coverage only applied if an insured was occupying a vehicle insured under the policy. The relevant policy provisions are as follows:

**PART II—UNINSURED MOTORIST AND UNDERINSURED MOTORIST**

**Coverage C—1 Underinsured Motorist Coverage**

Subject to the Limits of Liability we will pay all sums which an **insured person** is legally entitled to recover as damages from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by the **insured person** while **occupying your insured car.**

If other than **your insured car,** underinsured motorist coverage applies only if the motor vehicle is a newly acquired or replacement vehicle covered under the terms of this policy.

. . . .

**Other Insurance**

. . . .

4. We will not provide insurance under this part for a vehicle other than **your insured car.** (Emphasis in original.)

The UIM provisions of the main policy were modified by an endorsement, the relevant portions of which provide as follows:

For an additional premium it is agreed that UNDERinsured Motorist Coverage C–1 is added to Part II of your policy. We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the owner or operator of an **UNDERinsured motor vehicle** because of **bodily injury** sustained by the **insured person.**

. . . .

**Other Insurance**

. . . .

3. If any other collectible insurance applies to a loss covered by this part, we will pay only our share. Our share is the proportion that our limits of liability bear to the total of all applicable limits.

4. We will not provide insurance for a vehicle other than **your insured car** or **your insured motorcycle,** unless the owner of that vehicle has no other insurance applicable to this part.

. . . .

Under Part II of the policy the provisions that apply to Exclusions and Arbitration remain the same and apply to this endorsement.

This endorsement is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy. (Emphasis in original.)

The Purdys claim that paragraph 4 (Paragraph 4) of the above-quoted "Other Insurance" provision is ambiguous. They argue that the phrase "We will not provide insurance for a vehicle other than your insured car" is ambiguous because UIM coverage protects persons, not vehicles.

Because UIM coverage only provides bodily injury coverage, Paragraph 4 obviously does not refer to property damage coverage for the vehicle. Farmers Insurance contends that, in context, Paragraph 4 means that there is no UIM coverage if the Purdys were injured while in a vehicle other than one insured under the policy, unless that vehicle was not covered by UIM coverage. Although the Purdys acknowledge that interpretation, they do not offer an alternative. They simply argue that the words are ambiguous and therefore the provision does not apply.

 A policy provision is ambiguous if it is reasonably subject to differing interpretations. *Moss v. Mid–Am. Fire and Marine Ins. Co.,* 103 Idaho 298, 647 P.2d 754 (1982). It is not ambiguous merely because it is poorly worded if the meaning is otherwise clear when read in context. Likewise, it is not ambiguous merely because a reader may have to stop and think about what it means. Throughout their arguments, the Purdys assume that if the language of a provision is poorly written, then they are entitled to coverage. This issue, however, is not whether

the policy provision could have been written more clearly. The issue is whether it is ambiguous. The interpretation offered by Farmers Insurance is reasonable. Absent a reasonable alternative interpretation, the provision is not ambiguous.[1]

The Purdys next argue that the phrase "We will not provide insurance for a vehicle other than your insured car" cannot mean that they did not have UIM coverage if injured in a vehicle they did not own. They argue that the policy contains exclusions expressly denying coverage if they are injured while occupying a car they do not own. Those exclusions are as follows:

**Exclusions—Uninsured and Underinsured Motorist Coverage**

■ Uninsured and Underinsured Motorist Coverage does not apply to any of the following:

. . . .

3. **Bodily injury** sustained by a person:

a. While **occupying** any vehicle owned by you or a **family member** for which insurance is not afforded under this policy or through being struck by that vehicle.

. . . .

1. A policy provision could be ambiguous if there were no reasonable interpretations, but that is not the situation here.

2. This exclusion clearly excludes coverage in this case. At the time she was injured, Beth Purdy was occupying a vehicle she did not own which was insured for UIM coverage under another policy. Farmers Insurance did not rely upon this exclusion, however, when denying coverage.

3. The term "your insured car" is defined in the insurance policy as follows:

Your insured car means:
1. The vehicle described in the Declarations of this policy or any **private passenger car** or **utility car** with which you replace it. You must advise us within 30 days of any change of **private passenger car** or **utility car**. If your policy term ends more than 30 days after the change, you can advise us anytime before the end of that term.
2. Any additional **private passenger car** or **utility car** you acquire ownership of during the policy period, provided that:
 a. You request that we insure it within 30 days of the acquisition, and

c. While **occupying your insured car** when used to carry persons or property for a charge. This exclusion does not apply to shared-expense car pools.

d. If the injured person was **occupying** a vehicle you do not own which is insured for this coverage under another policy.[2] (Emphasis in original.)

According to the Purdys, interpreting Paragraph 4 as suggested by Farmers Insurance would make it redundant because the exclusions address the situation in which the Purdys were injured while occupying a vehicle they do not own. Although redundancy may be considered when interpreting an ambiguous provision in an insurance policy, redundancy does not by itself make a policy provision ambiguous.

The Purdys also argue the provision is ambiguous because it is unclear whether a "vehicle other than your insured car" refers to a third party's vehicle or one that is owned by the Purdys but not insured by Farmers Insurance. The insurance policy defines "your insured car."[3] A vehicle "other than your insured car" would be any vehicle that is not included within the policy definition of "your insured car." The Purdys do not argue that there is any ambiguity when the policy definition is considered.

b. as of the date of acquisition, all **private passenger cars** and **utility cars** you own are insured with a member company of the *Farmers Insurance Group of Companies*.
Ownership will include the written leasing of a **private passenger** or **utility car** for a continuous period of at least six months.
3. Any **utility trailer**:
a. that you own, or
b. while attached to **your insured car**.
4. Any **private passenger car, utility car** or **utility trailer** not owned by you or a **family member** *while being temporarily used as a* substitute for any other vehicle described in this definition because of its withdrawal from normal use due to breakdown, repair, servicing, loss or destruction.
5. Any other **private passenger car, utility car** or **utility trailer** not owned by or furnished or available for regular use by you or a **family member**. This includes such vehicles while *rented by you on a daily or weekly basis*. But no vehicle will be considered as **your insured car** unless there is a sufficient reason to believe that the use is with permission of the owner, and unless it is used by you or a **family member**. (Emphasis in original.)

The Purdys also argue that the phrase "no other insurance applicable to this part" is ambiguous because it is unclear whether that means "no other insurance" or "no other collectible insurance." Whether or not that is an ambiguity is irrelevant because in this case the other insurance (the Farmers Alliance policy) was collectible. The Purdys also argue that "this part" is ambiguous because it does not define the part of the policy to which it refers. There is no ambiguity. The endorsement begins, "For an additional premium it is agreed that UNDERinsured Motorist Coverage C-1 is added to Part II of your policy." Part II of the policy is entitled, "PART II—UNINSURED MOTORIST AND UNDERINSURED MOTORIST." The words "this part" obviously refer to the part of the policy providing UIM coverage. In context, the phrase "no other insurance applicable to this part" means no other UIM coverage. The Purdys have not shown how the phrase could reasonably be interpreted otherwise.

The Purdys finally contend that Paragraph 4 is ambiguous when read with paragraph 3 (Paragraph 3) of the other-insurance clause, which they contend unambiguously provides coverage in this case. Paragraph 3 provides, "If any other collectible insurance applies to a loss covered by this part, we will pay only our share." The Purdys argue that because other collectible insurance (the Farmers Alliance policy) applied in this case, Farmers must pay its share. For Paragraph 3 to apply, however, there must be other collectible insurance that applies "to a loss covered by this part." If the loss is not covered by this part (the provisions regarding underinsured motorist coverage in the Farmers Insurance policy), then Paragraph 3 does not apply. It only applies when the loss is covered by both the Farmers Insurance policy and a policy of other collectible insurance. Because the loss in this case was not covered by the Farmers Insurance policy, Paragraph 3 did not apply. There was therefore no conflict between Paragraph 3 and Paragraph 4. Accordingly, the district court did not err in holding that Paragraph 4 is not ambiguous and that pursuant to its provisions the Purdys do not have UIM coverage for this accident under the Farmers Insurance policy.

## B. Is Farmers Insurance Collaterally Estopped by Appellate Decision in Other States from Arguing that There Was No Coverage under the Insurance Policy?

The Purdys contend that Farmers Insurance is collaterally estopped by appellate decisions in other jurisdictions from arguing that Paragraph 4 is not ambiguous. Collateral estoppel applies to protect litigants from the burden of litigating an identical issue with the same party or its privy. *Rodriguez v. Department of Corr.*, 136 Idaho 90, 29 P.3d 401 (2001). Five factors must exist in order for collateral estoppel to bar the relitigation of an issue determined in a prior proceeding: (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *Id.* The Purdys argue that decisions from other jurisdictions construing identical provisions in Farmers Insurance policies should collaterally estop Farmers Insurance from arguing in this case that the provisions of the Purdys' insurance policy are not ambiguous.

The Purdys cite two appellate decisions from other jurisdictions regarding a Farmers Insurance entity. The first case is *Hefner v. Farmers Insurance Exchange*, 211 Cal. App.3d 1527, 260 Cal.Rptr. 221 (Cal.Ct.App. 1989). In *Hefner*, the court found ambiguous an exclusion in the UIM portion of the policy that provided: "This coverage does not apply to bodily injury sustained by a person … [i]f the injured person was occupying a vehicle you do not own which is insured for this coverage under another policy." The *Hefner* court held that the words "this coverage" were ambiguous because it could refer either to the type of coverage or the limits of coverage. The similar exclusion in the Purdys' policy was as follows:

Uninsured and Underinsured Motorist Coverage does not apply to any of the following:

. . . .

3. **Bodily injury** sustained by a person:

. . . .

d. If the injured person was **occupying** a vehicle you do not own which is insured for this coverage under another policy. (Emphasis in original.)

In this case, Farmers Insurance did not deny coverage based upon the above-quoted exclusion from the Purdys' policy. Therefore, whether or not it is ambiguous is irrelevant to this case. We note, however, that this exclusion in the Purdys' policy is not identical to that considered by the *Hefner* court. In the Purdys' policy, the words "this coverage" at the beginning of the exclusion had been changed to "Uninsured and Underinsured Motorist Coverage," in an apparent attempt to clarify what was meant by the words "this coverage" in the last part of the exclusion.

The second case cited by the Purdys is *Farmers Insurance Exchange v. Walther*, 902 P.2d 930 (Colo.Ct.App.1995). In *Walther*, the insured was injured while a passenger in another's vehicle. After receiving payments from the insurer of the car in which she was riding and from the tortfeasor's insurer, she filed an action to recover additional sums under the uninsured and underinsured motorist benefits of her own insurance policy. The trial court granted summary judgment on the ground that the insured had received payments from the other parties' insurers equal to the limits of her own policy and that under the terms of her policy she was not entitled to further recovery. On appeal, the appellate court agreed and affirmed the grant of summary judgment. In doing so, the appellate court stated, in dicta, that it also concluded that a clause identical to Paragraph 4 was ambiguous.

The *Walther* court concluded the clause was ambiguous based upon *Mid–Century Insurance Company v. Gardner*, 9 Cal.App.4th 1205, 11 Cal.Rptr.2d 918 (Cal.Ct.App.1992). In the *Gardner* case, the court held that a provision identical to Paragraph 4 did not deny coverage for two reasons. First, the court held it was ambiguous because it could

mean either that the insurer will not issue a policy under the circumstances described in the paragraph or that there was no coverage if the insured was injured while in a vehicle that was owned by another and that was insured for UIM coverage under another policy.

> Does it mean that the insurer will not issue a policy under these circumstances? Or does it mean the same as the "Exclusions" exclusion, namely that "This coverage does not apply to bodily injury sustained by a person: ... [¶] 4. If the injured person was occupying a vehicle you do not own which is insured for this coverage under another policy"?

9 Cal.App.4th at 1219, 11 Cal.Rptr.2d at 927. The first alternative interpretation stated by the *Gardner* court is not a reasonable interpretation. A provision in an insurance policy issued by an insurer could not reasonably be construed to mean that the insurer would not issue the policy. The *Gardner* court then held that if the alternative interpretation were intended, the *Hefner* decision controls and there is coverage.

> If it [the clause identical to Paragraph 4] is intended to mean the same thing as the other exclusion [quoted above in connection with the discussion of the *Hefner* decision], then it is subject to the same defect found in *Hefner*. If it means something different, then there is an irreconcilable conflict between the two clauses. In such a case, the provision that affords coverage—here the "Exclusions" exclusionary clause, as construed by *Hefner*—controls.

9 Cal.App.4th at 1219, 11 Cal.Rptr.2d at 927. As discussed above, the exclusionary clause addressed in *Hefner* is not identical to the similar exclusionary clause in the Purdys' policy. Therefore, the *Gardner* decision is of little application to this case. Furthermore, the *Hefner* decision was based upon the doctrine of reasonable expectations. As the court stated, "A further cardinal rule [for interpreting insurance policies] is: 'The provisions of the policy as a whole as well as the exceptions to the liability of the insurer must be construed so as to give the insured the protection which he reasonably had a right to

expect.'" 211 Cal.App.3d at 1533, 260 Cal. Rptr. at 225. In Idaho, this Court has rejected the doctrine of reasonable expectations. *Ryals v. State Farm Mut. Auto. Ins. Co.*, 134 Idaho 302, 1 P.3d 803 (2000); *Casey v. Highlands Ins. Co.*, 100 Idaho 505, 600 P.2d 1387 (1979).

Additionally, the *Gardner* case also based its holding upon a California statute.

> It has been noted "that the insurance coverage provided for by [Ins.Code] section 11580.2 is a mandatory *minimum* uninsured motorist coverage which every policy must provide by law. Thus, a policy which purports to provide a more restrictive coverage than that set forth in the statute will not be given effect. For these reasons, we conclude that this exclusion also cannot be read to exclude coverage under plaintiff's policy."

9 Cal.App.4th at 1219–20, 11 Cal.Rptr.2d at 927 (emphasis in original; citation omitted). Idaho does not have a statute like the California statute upon which the *Gardner* court based its decision.

■ As shown by the above discussion, the *Walther* court's statement that a policy provision identical to Paragraph 4 was ambiguous was based upon two California decisions. They, in turn, were based upon a policy provision that is different from the corresponding provision in the Purdys' policy (paragraph 3.d. of the exclusionary clause), upon a principle of interpretation (the reasonable expectations doctrine) that has been rejected in Idaho, and upon a California statute that our legislature has not adopted. Whether or not a policy provision is ambiguous is a question of law. *Erland v. Nationwide Ins. Co.*, 136 Idaho 131, 30 P.3d 286 (2001). The above discussion illustrates the hazards inherent in holding that decisions regarding issues of law in other jurisdictions can be used, through the doctrine of collateral estoppel, to determine questions of law in this state. We therefore hold that collateral estoppel based upon decisions from other jurisdictions is not available to resolve issues of law in the courts of this state.

**C. Was There a Conflict Between the Other Insurance Clauses in the Farmers Insurance and Farmers Alliance Policies so that Both Clauses Are Void and Unenforceable?**

■ Relying upon *Sloviaczek v. Estate of Puckett*, 98 Idaho 371, 565 P.2d 564 (1977), the Purdys also argue that Paragraph 4 is void because it conflicts with the other-insurance provisions of the Farmers Alliance policy. If the other-insurance clauses of two or more applicable insurance policies conflict, then the conflicting clauses are void. *Erland v. Nationwide Ins. Co.*, 136 Idaho 131, 30 P.3d 286 (2001); *Unigard Ins. Group v. Royal Globe Ins. Co.*, 100 Idaho 123, 594 P.2d 633 (1979); *Sloviaczek v. Estate of Puckett*, 98 Idaho 371, 565 P.2d 564 (1977). The portion of the Farmers Alliance policy upon which the Purdys rely provides as follows:

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage:

. . . .

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.

3. If the coverage under this policy is provided:

 a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

 b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

Beth Purdy was an insured under the Farmers Alliance policy. It defines "insured" as being any person occupying the auto covered by the policy. Farmers Alliance determined

that its policy was primary, and it paid the policy limits.

If the Farmers Alliance policy provided coverage on a primary basis, there is no conflict between the other-insurance clauses in the two policies. The Farmers Alliance policy provides primary coverage and, because it does, the Farmers Insurance policy does not provide any coverage. The Purdys argue that there is a conflict because the Farmers Alliance policy provides coverage on a pro rata basis. The Farmers Alliance policy states that if it provides primary coverage, Farmers Alliance will pay only its share, which is the proportion that its limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis. That provision only applies if there is more than one policy of insurance providing coverage on a primary basis. Because the Farmers Alliance policy provided coverage on a primary basis and the Farmers Insurance policy did not provide any coverage, the pro-rata provision does not create a conflict between the other-insurance clauses in the two policies.

The Purdys also argue that there is a conflict between the two policies if the Farmers Alliance policy provides excess coverage. They point to paragraph 2, which states: "Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis." Implicit in their argument is the assertion that the phrase "any vehicle you do not own" includes Beth Purdy. In other words, the Purdys' argument is premised upon the contention that Beth Purdy is included within the policy definition of "you."

The Purdys did not provide the entire Farmers Alliance policy. That portion of the policy in the record states that Farmers Alliance will pay compensatory damages for bodily injury that an "insured" is legally entitled to recover from the owner or operator of an underinsured motor vehicle. The policy defines "insured" to include "You or any 'family member'" and "Any other person 'occupying' 'your covered auto.'" That portion of the policy in the record does not include a definition for "you," but its provisions indicate that "you" is not synonymous with "insured." An "insured" includes "you," and your family member, and any other person occupying your covered auto. Although Beth Purdy is included within the policy definition of "insured," there is nothing showing that she is included within the policy definition of "you." Under paragraph 2, the Farmers Alliance policy is excess insurance "with respect to a vehicle you do not own." Absent any showing that Beth Purdy is included within the policy definition of "you," that provision does not apply in this case. Therefore, there is no conflict between the two policies.

## IV. CONCLUSION

Because of our holding that the Purdys' policy unambiguously provides that there is no coverage under the facts in this case, the Purdys do not have a claim for bad faith against Farmers Insurance. *Robinson v. State Farm Mut. Auto. Ins. Co.*, 137 Idaho 173, 45 P.3d 829 (2002). We therefore need not address other issues raised by the Purdys. The judgment of the district court is affirmed. Costs on appeal are awarded to Farmers Insurance.

Chief Justice TROUT, and Justices SCHROEDER, KIDWELL, and Justice Pro Tem SCHWARTZMAN concur.