W. JONES, Justice
I respectfully dissent from the majority’s opinion because it is founded solely upon speculation and it completely ignores the issue presented by this ease. The issue that deserves this Court’s analysis is whether the conflicting UIM excess clause affects the enforceability of the non-conflicting UIM anti-stacking clause. Indeed, this was the issue addressed by the district court and the briefing of both parties. First, I will address my disagreements with the majority opinion.
“Where the language of an insurance policy is susceptible to but one meaning, it must be given that effect.” McGilvray v. Farmers New World Life Ins. Co., 136 Idaho 39, 45, 28 P.3d 380, 386 (2001) (citing Burgess Farms v. New Hampshire Ins. Group, 108 Idaho 831, 702 P.2d 869 (Ct. App. 1985)). Here, there is only one reasonable interpretation of the plain language of the anti-stacking clause: the UIM coverage of Brandi and Ronald’s policies together is limited to $300,000. The anti-stacking clause provides: “If this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any one policy.” In this case, Brandi and Ronald each held separate Enumelaw auto insurance policies listing Trent as a beneficiary; thus, two policies providing similar insurance applied to the same accident. Each of Brandi and Ronald’s policies limited its own liability at $300,000 in UIM coverage. Thus, the “highest applicable limit under any one policy” must be $300,000. This is the only reasonable interpretation of “under any one policy.” The majority’s suggestion that the clause could be construed as aggregating the limits of all applicable policies is nonsensical. Indeed, it requires reversing the language of the clause completely. There simply is no reasonable way to reconcile the “under any one policy” language with the majority’s irrational and distorted interpretation.
By no means am I suggesting that insurance contracts are simple agreements that every person will easily understand. On the contrary, most insurance clauses express complex concepts and, consequently, insurance contracts must be carefully reviewed to be fully grasped. However,.there is a significant difference between complex language and ambiguous language. “[A] party’s failure to determine - the ordinary meaning of the words used in a contract does not make it ambiguous.” Swanson v. Beco Const. Co., Inc., 145 Idaho 59, 63, 175 P.3d 748, 752 (2007). But here, the anti-stacking clause is neither ambiguous nor complex. Its plain language serves to limit the maximum benefits available where multiple policies exist to the maximum benefit provided “under any one policy.” How hard is that to understand?
The majority obscures the simplicity of the anti-staeldng clause by suggesting that it requires aggregating the policy limits. Such a suggestion is absurd, especially considering that this Court enforced a nearly identical anti-stacking clause in Erland v. Nationwide Ins. Co., which will be discussed herein. 136 *670 Idaho 131, 134, 30 P.3d 286, 289 (2001), Despite the relevance of Erland, demonstrated by the fact that it was analyzed by the district court and the Appellant’s briefing, the majority turned a blind eye to the case.
The bottom line is that the Enumclaw policies protected Trent from an underin-sured driver by providing $300,000 in UIM benefits. $300,000 is the amount of UIM coverage Brandi and Ronald selected. There is no argument proffered as to why Brandi and Ronald did not contract for a higher amount, nor is there a contention that they were in some way forced to buy only $300,000. Ultimately, Enumclaw should not be on the hook for Brandi and Ronald’s decision to only purchase $300,000 of UIM coverage. Of course I wish Trent had limitless UIM coverage such that he was fully compensated for his injuries, but it is not within the purview of this Court to disturb a valid, unambiguous insurance contract. Nevertheless, the majority, under the banner of public policy, deemed an unambiguous policy ambiguous, and awarded Trent more money. This is the first step on a slippery slope.
It is worth noting that the majority completely departed from the district court’s analysis of the ease. The district court held that the UIM excess clause contained within the Other Insurance Subsection in each of the Enumclaw polices created a conflict; therefore, the district court disregarded the entire Other Insurance Subsection despite the fact that the remaining clauses, namely the anti-stacking clause, did not create a conflict themselves. While I believe, based on Sloviaczek v. Estate of Puckett, 98 Idaho 371, 565 P.2d 564 (1977), which will be discussed herein, that the district court erred by disregarding the non-conflicting ' anti-stacking clause, the more important observation is that the majority avoided the important issue presented by this case. The majority, dodged the relevant issue—whether conflicting language in a UIM provision requires disregarding the entire UIM provision—and instead, concluded that the anti-stacking clause was “confusing,” an argument which neither Trent, nor the district court discussed.
It bears repeating that the fundamental flaw in the majority’s opinion is the suggestion that the anti-stacking clause could be read to require aggregating the policy limits. In fact, there is nothing in the policy that even hints at such an interpretation. Furthermore, the majority supports its conclusion with irrelevant claims and speculation, which I will address in turn. Starting with the irrelevant claims made by the majority, I acknowledge that Trent’s damages exceed the available coverage; however, his damages are irrelevant to the analysis of the anti-stacking clause. Additionally, the public policy from Hill v. American Family Mutual Insurance Co. is irrelevant to this case for two reasons. 150 Idaho 619, 625, 249 P.3d 812, 818 (2011). First, Hill dealt only with an exhaustion clause and it is difficult, if not impossible, to see how an exhaustion clause is relevant to the analysis of an anti-stacking clause. Id. at 621, 249 P.3d at 814. Second, in Hill, the exhaustion clause functioned as a complete barrier to UIM coverage. Id. Conversely, here, the enforcement of the anti-stacking clause results in $300,000 of UIM coverage. With regard to the majority’s speculation, it posits that the cost of a single policy with a substantially higher UIM limit would be less than the cost of Brandi and Ronald’s respective policies. While an insurance expert could appropriately remark on the topic, the majority most certainly cannot. The majority has seemingly dubbed itself an insurance expert, yet cites no authority to support its conclusion.
Normally, I would refrain from speculating; however, since the majority has opened the door, I will follow. If Ronald and Brandi had contracted for one million dollars in UIM coverage, their respective premiums would have only increased nominally. Additionally, if the majority expects this case to have precedential value, thereby rendering anti-stacking clauses unenforceable in Idaho, insurers will begin charging significantly higher premiums. That is not speculation, as it stands to reason that an insurer cannot increase risk without increasing premiums.
In sum, to accomplish its goal of awarding Trent more insurance coverage, the majority fabricated an ambiguity and supported its finding with irrelevant claims and speculation. In doing so, the majority disregarded *671 the principal issue-présented by this case, which I will now address.
The principal issue in this case is whether the district court' properly interpreted the UIM Other Insurance Subsection in each of the Enumclaw Policies. The district court held that the UIM' excess clause contained within the Other Insurance Subsection in each of the policies created a conflict; therefore, the district court disregarded the entire Other Insurance Subsection despite the fact that the remaining clauses, namely the anti-stacking clause, did not create any conflict themselves. The insurance policy sets forth three separate provisions in one paragraph under'the heading “OTHER INSURANCE.” They are a “proration” provision (“If there is other applicable similar insurance we will pay only our share.'Our share is the proportion that our limit of liability bears to the total of all applicable limits.”); an “anti-stacking” provision (“If this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any one policy.”); and an “excess insurance” provision (“However, insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.”). To make it harder for justices to avoid the obvious, -the insurer -should separately title each provision.
At the outset, it is important to clarify that this Court’s holding in Sloviaczek, disallowing conflicting “other insurance” clauses, was misinterpreted and extended too far by the district court in this case. 98 Idaho 371, 565 P.2d 564. Sloviaczek stands for the simple proposition that where “other insurance” clauses conflict, they must be disregarded. Id. at 375, 565 P.2d at 568. Sloviaczek has no effect on “other insurance” clauses that are not in conflict, a fact which Erland and Hansen v. State Farm Mutual Automobile Insurance Co. clearly illustrate. See Erland, 136 Idaho 131, 30 P.3d 286; Hansen v. State Farm Mut. Auto. Ins. Co., 112 Idaho 663, 735 P.2d 974 (1987). In Erland and Hansen, this Coiu’t enforced UIM anti-stacking clauses, holding in each instance that the clause at issue was not in conflict with other provisions in the relevant policies, and, further, that anti-stacking clauses generally are not against public policy. Erland, 136 Idaho at 134, 30 P.3d at 289; Hansen, 112 Idaho at 666, 735 P.2d at 977. Thus, the enforcement of anti-stacking clauses in Erland and Hansen did not disturb the holding of Sloviaczek. Similarly, here, the UIM anti-stacking clause is separate and unaffected by the conflicting UIM excess clause. Therefore, in accordance with Sloviaczek, the UIM excess clause should be disregarded, but the anti-stacking clause should be enforced.
In Erland, this Court upheld a clause nearly identical to the UIM anti-stacking clause in the case at hand, 136 Idaho at 132, 30 P.3d at 287. This Court was presented with the following factual circumstances: (1) plaintiff was a passenger in a car accident; (2) the driver had an auto-insurance policy that covered up to $100,000 in damages; (3) plaintiff had auto-insurance that provided $50,000 in underinsured motorist coverage; (4) plaintiff was paid $100,000 from the driver’s auto-insurance; and (5) plaintiff attempted to collect the $50,000 under her own insurance. Id. Defendant, the insurer, claimed it was protected from paying plaintiff by the following anti-stacking clause in the other insurance subsection of her policy:
OTHER INSURANCE
If there is other insurance:
1. For bodily injury suffered by an insured while occupying a motor vehicle you do not own, we will pay the insured loss not covered by other insurance. However, this insurance will apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of the other insurance.
2. Except as stated above, if there is other insurance similar to this coverage under any other policy, we will be liable for only our share of the loss. Our share is our proportion of the total insurance limits for the loss.
3. In any event, if more than one policy applies, total limits applicable will be considered not to exceed the highest limits amount of any one of them.
*672 Id. at 133-34, 30 P.3d at 288-89. (Emphasis added). In its decision, this Court reasoned that:
[T]he Court has repeatedly stated that it is the function of the Court “to construe a contract of insurance as it is written, and the Court by construction cannot create liability not assumed by the insurer, nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability.” Kromrei v. AID Ins. Co., 110 Idaho 549, 551-552, 716 P.2d 1321, 1323-1324 (1986), citing Unigard Ins. Group v. Royal Globe, Etc., 100 Idaho 123, 128, 594 P.2d 633 (1979) (quoting Miller v. World Ins. Co., 76 Idaho 355, 357, 283 P.2d 581, 582 (1955)).
Id. at 133, 30 P.3d at 288. This Court held that the UIM anti-stacking clause in the plaintiffs policy was clear, and did not conflict in any way with the provisions of the driver’s insurance policy. Id. at 134, 30 P.3d at 289. Accordingly, the UIM anti-stacking clause was enforced. Id. To reach its conclusion, this Court expressly applied the reasoning from Sloviaczek.
As the court did in Sloviaczek, a court must compare the clauses of the applicable policies to determine if the clauses conflict. If clauses conflict they are void and the coverage of both policies can be stacked, allowing the insured to collect under both policies. However, if the clauses do not conflict, they are enforced.
Id. (internal citations omitted). In sum, Er-land stands for the proposition that the rejection of conflicting UIM excess clauses in Sloviaczek has no effect on the enforcement of non-conflicting UIM anti-stacking clauses. Here, as in Erland, the non-conflicting UIM anti-stacking clause should have been enforced. Such enforcement would be in accordance with this Court’s holdings in Sloviaczek and Erland.
Hansen provides another instance in which this Court has approved of UIM anti-stacking clauses. 112 Idaho 663, 735 P.2d 974. In Hansen, the plaintiff held three separate insurance policies with State Farm; one for each of his ears. Id. at 664, 735 P.2d at 975. Each of these policies provided for UIM coverage. Id. Each also contained UIM anti-stacking clauses providing that where the car driven by the plaintiff was covered by any one of the policies, the UIM coverage in the other policies could not also be applied. Id. at 666, 735 P.2d at 977. This Court held that the UIM anti-stacking clauses were clear, applicable, and not against public policy. Id. at 668, 735 P.2d at 979.
In Sloviaczek, this Court adopted the Lamb-Weston doctrine, established by the Oregon Supreme Court. 98 Idaho at 374, 565 P.2d at 567 (adopting the doctrine established in Lamb-Weston, Inc. v. Oregon Automobile Insurance Co., 219 Or. 110, 341 P.2d 110 (1959)). The Lamb-Weston doctrine provides that “[w]hen ‘other insurance’ clauses conflict, they must be disregarded.” Id. at 375, 565 P.2d at 568. In Lamb-Weston, the Oregon Supreme Court was presented with two insurance policies, one that contained a UIM excess clause and one that contained a UIM pro-rata clause. 219 Or. at 113-1, 341 P.2d at 112. The Oregon Supreme Court held that the UIM excess and pro-rata clauses created a conflict. The conflict was rooted in the fact that there was no division of liability that could satisfy each clause at the same time; thus, there would be no coverage provided by either policy. Id. at 129, 341 P.2d at 119. Therefore, the Oregon Supreme Court held that those two clauses were disregarded due to the conflicting language. Id. Three observations from this Court’s adoption of the Lamb-Weston doctrine are of critical importance: (1) this Court in Sloviaezek and the Oregon Supreme Court in Lamb-Weston only invalidated the conflicting language; (2) nowhere in Lamb-Weston did the Oregon Supreme Court address whether separate, albeit related, clauses in the policies, which themselves did not conflict, must also be disregarded; and (3) Lamb-Weston did not invalidate a UIM anti-stacking clause. Id. These observations are key to understanding that Sloviaezek and Lamb-Weston only require this Court to invalidate UIM “other insurance” clauses that actually conflict, and, conversely, do not require the invalidation of independent, non-conflicting UIM “other insurance” clauses.
*673 In granting. summary judgment for the Respondent, the district court relied on its own misinterpretation of Sloviaczek to come to the conclusion that the entire UIM Other Insurance Subsection should be disregarded. In Sloviaczek, this Court invalidated the following language in two uninsured motorist provisions:
Other Insurance: with respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under uninsured motorists shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
Id. at 372, 565 P.2d at 565. It is crucial to highlight the fact that in Sloviaczek, the relevant UIM “other insurance” subsection consisted of only one sentence, an excess clause, which created the conflict. Notably, the policy in Sloviaczek did not contain a separate UIM anti-stacking clause. Because there was no UIM anti-stacking clause from the outset, there was no UIM anti-stacking clause to enforce after the conflict was resolved. Id. at 375, 565 P.2d at 568. In the case at hand, the Other Insurance Subsections consists of three distinct clauses, of which, only one conflicts. Therefore, the two remaining clauses, including the UIM anti-stacking clause, should be enforced.
Respondent argues that because the UIM excess clause is part of the UIM Other Insurance Subsection, the entire subsection must be disregarded in'its entirety, including the UIM anti-stacking clause. Such an approach would be using a hatchet where a scalpel is needed. It is clear that the Lamb-Weston doctrine, adopted by this Court in Sloviaczek, does not support Respondent’s argument. The Lamb-Weston doctrine and Sloviaczek stand for the removal of conflicting language, leaving the remaining UIM “other insurance” language not in conflict to be enforced. Sloviaczek, 98 Idaho at 375, 565 P.2d at 568.
It is important to distinguish Sloviaczek from Erland, Hansen, and the present case. On one hand, we have Sloviaczek, in which the relevant part of the “other insurance” subsection consisted of only one sentence which contained a conflicting UIM excess clause. Id. at 372, 565 P.2d at 565. In other words, Sloviaczek dealt entirely with UIM excess clauses in the “other insurance” subsection. Id. at 375, 565 P.2d at 568. Each clause stated that it was excess over the other clause thereby clearly creating a conflict. Id. Having dismissed the conflicting UIM excess clause, this Court reasoned that there were no restrictions on the policies that would act to prevent stacking. Accordingly, the policies were stacked. Id. On the other hand, we have Erland, Hansen, and the present case which all include UIM anti-stacking clauses. Erland, 136 Idaho at 132, 30 P.3d at 287; Hansen, 112 Idaho at 666, 735 P.2d at 977. The fact that this Court, in Sloviaczek, disregarded the UIM excess clause had no effect on the enforcement of the UIM anti-stacking clauses in Erland and Hansen. Similarly, Sloviaczek should have no effect on the enforcement of the UIM anti-stacking clausé in this case. The key distinction between Sloviaczek on one hand and Erland, Hansen, and the present case on the other hand is that Sloviaczek addressed only an excess clause while the others address anti-stacking clauses. All of the cases co-exist peacefully.
As previously stated herein, the Other Insurance Subsection at issue in this case consists of three separate clauses, of which only the excess clause conflicts. The UIM anti-stacking clause provides that “[i]f this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any one policy,” The plain meaning of this language serves to limit the maximum benefits available where multiple policies exist. It does not create conflict between policies under a Lamb-Weston analysis, because both policies would adopt the same limit.
Accordingly, dismissing the UIM excess clause resolves the conflict. There is no need to dismiss the UIM anti-stacking clause as well. The conflict created by the UIM excess clause does not require hatehetting the entire Other Insurance Subsection; rather, in keeping with the intentions of the contracting parties, this Court should only use a scalpel *674 to remove the conflicting language, leaving the remaining clauses as enforceable. This Court has no justification for invalidating an entire subsection, where invalidating one clause of that subsection will resolve the conflict.
Sloviaczek is entirely consistent with the present case because, in both cases, the conflicting UIM excess clauses will be disregarded. However, here, unlike Sloviaczek, the conflicting UIM anti-stacking clause is separate from the conflicting UIM excess clause; therefore, the UIM anti-staeking clause in the present case should not be dismissed, but should remain and be enforced.
In sum, “[i]t is the function of the Court to construe a contract of insurance as it is written, and the Court by construction cannot create a liability not assumed by the insurer, nor make a new contract for the parties, or one different from that plainly intended....” Miller v. World Ins. Co., 76 Idaho 355, 357, 283 P.2d 581, 582 (1955). While the injuries suffered by Trent are heartbreaking, they should not impact this Court’s interpretation of the Enumclaw policies. The anti-stacking clause in the Enumclaw policies is clear and unambiguous; therefore, it should be enforced by this Court.
Justice EISMANN concurs.