88 P.3d 744

**TREASURE VALLEY TRANSIT, an Idaho non-profit corporation, Plaintiff–Appellant,**

v.

**PHILADELPHIA INDEMNITY INSURANCE COMPANY, Defendant–Respondent,**

and

**John Does I through V, Defendants.**

No. 28854.

Supreme Court of Idaho, Boise, January 2004 Term.

March 25, 2004.

---

Blackburn & Jones, LLP, Boise, for appellant. Bruce C. Jones argued.

Elam & Burke, P.A., Boise, for respondent. Jeffrey A. Thomson argued.

TROUT, Chief Justice.

This is a dispute involving insurance coverage and a tender of defense. Appellant Treasure Valley Transit ("TVT") appeals the decision of the district judge granting summary judgment to Respondent Philadelphia Indemnity Insurance Company ("PIIC"). TVT brought suit seeking damages it alleges were due to PIIC's refusal to defend TVT

when the Idaho Department of Health and Welfare ("the Department") began an investigation into alleged fraud committed by TVT in its Medicaid billing practices. We affirm the district judge.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

TVT is a non-profit corporation providing rural public transportation to Canyon County, particularly for elderly, disabled, and economically disadvantaged persons. TVT receives approximately one-fourth of its monthly income by providing transportation to Medicaid recipients, which transportation is paid for by the Department.

In January 1999, TVT was notified that it was being investigated by the Medicaid Fraud Unit of the Department and by the FBI for suspicion of excess billing of Medicaid. Specifically, TVT was suspected of billing services not performed, billing Medicaid more for transportation services than TVT charged to the general public for the same services, and billing for more transportation than was actually provided. The Department informed TVT that the Department might seek recovery of over $400,000 from TVT for improper billing over the past three years. The Department subsequently also notified TVT that it was suspending payment of all current and subsequently submitted billings from TVT pending the completion of the investigation, but that TVT could appeal this suspension of payments by filing a petition of appeal to prevent the suspension from becoming final. TVT appealed the suspension.

TVT then contacted its insurer, PIIC, requesting that it defend TVT's interests in the appeal according to its directors and officers protection insurance policy. PIIC declined to defend, asserting that the Department's action did not constitute a "claim" as defined by the insurance policy. TVT made additional requests to PIIC for its defense and was denied each time. PIIC then retained coverage counsel to determine if TVT's claims for defense were valid. After reviewing the case, the coverage counsel advised PIIC that it had no duty to defend TVT.

In July 2000, TVT and the Department settled the administrative action with the Department agreeing that TVT did not engage in any fraudulent activity. The Department also agreed not to seek recovery of any additional funds from TVT; however, the parties agreed that the Department could withhold payment on the remaining billings as part of the settlement. TVT then filed suit against PIIC, alleging breach of contract and breach of duty of good faith and fair dealing and seeking approximately $34,000 in attorney fees and costs as well as over $65,000 for what it alleges was a loss encompassed in the withheld billings.

PIIC filed a motion for summary judgment and the district judge granted the motion, finding that the Department's action was not a "claim" and the forfeited billings were not a "loss" as defined by the insurance policy. TVT now appeals that decision.

## II.

### STANDARD OF REVIEW

This Court's review of a district judge's decision on a motion for summary judgment is the same as that required of the district judge when originally ruling on the motion. Summary judgment must be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). On review, as when the motion is initially considered by the district judge, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. However, if the evidence reveals no disputed issues of material fact, only a question of law remains, and this Court exercises free review.

*Construction Management Systems, Inc. v. Assurance Co. of America*, 135 Idaho 680, 682, 23 P.3d 142, 144 (2001) (citations omitted).

## III.

## THE DEPARTMENT'S INVESTIGATION DID NOT CONSTITUTE A CLAIM AS DEFINED BY THE INSURANCE POLICY

■ The key issue in this case is whether the investigation by the Department, accompanied by the suspension of payments, constituted a claim against TVT as defined by the insurance policy issued by PIIC. The policy, an officers and director's protection policy, contains three definitions of a claim pertaining to a lawsuit, an administrative action, and a claim of wrongdoing by an insured. The pertinent definition here relates to an administrative action and defines a claim as: "Any proceeding before an administrative agency once it has concluded its investigative phase (if applicable)." The district judge found that the investigation by the Department was still ongoing at the time TVT attempted to tender its defense to PIIC and as a result, there was no claim under the policy because the investigative phase had not yet concluded.

TVT argues this definition of a claim is ambiguous in that the parenthetical phrase "if applicable" permits more than one reasonable interpretation of the definition. Specifically, TVT asserts that the "if applicable" language implies it is not necessary for an administrative agency to conclude its investigation before a claim exists. The district judge disagreed with this argument, finding that this definition of a claim was not susceptible to conflicting interpretations and under the plain and ordinary use of the language, there was no claim against TVT within the meaning of the policy.

■ We have held that "[w]here the provisions of an insurance contract are not against public policy, the contract provisions control." *Howard v. Oregon Mut. Ins. Co.*, 137 Idaho 214, 217, 46 P.3d 510, 513 (2002). The directors and officers protection insurance policy obtained by TVT from PIIC provides an unambiguous definition of the term "claim" as used within the policy. It plainly provides that in an administrative action there is no claim requiring the insurer to defend the insured until the administrative agency has concluded its investigative phase. The "if applicable" parenthetical merely indicates that if the administrative agency does not conduct an investigation prior to commencing proceedings against an insured, then the requirement that there be a conclusion to such an investigation is inapplicable. TVT's assertions that there are multiple possible interpretations to this definition does not establish ambiguity. We have previously held that "ambiguity is not established merely because the parties present differing interpretations to the court." *Payette River Property Owners Ass'n v. Board of Com'rs of Valley County*, 132 Idaho 551, 556, 976 P.2d 477, 483 (1999). Where there is no ambiguity in the definition in the insurance policy here, we need only determine if the Department's action qualified as a claim pursuant to the definition of the policy.

■ The district judge determined on the basis of the record presented that the Department had not yet concluded its investigation when TVT asked PIIC to defend. In several documents, many authored by representatives of TVT, the investigation by the Department is referred to as being ongoing. The district judge cited several examples of pleadings, correspondence, and other documents submitted by TVT that continually characterized the investigation of the Department as "pending," "ongoing," or "pending completion." As such, the district judge was correct in determining there was no genuine issue of fact regarding the status of the Department's investigation and, as a matter of law, the Department's action at the time TVT attempted to tender its defense did not constitute a claim as defined by the policy.

During oral argument TVT asserted that because the Department had suspended its payments to TVT pending the outcome of the investigation, and because the Department had notified TVT that it must appeal this suspension or be barred from further claims against this suspension, if TVT did not appeal this suspension it may have been permanently barred from recovering these payments. Consequently, TVT argues, they were entitled to tender their defense to PIIC at that point due to the potential substantial

929

loss of their rights in recovering the suspended payments from the Department.

While it may be that an agency's permanent withholding of payments could constitute such a significant imposition on the rights of the investigated party that such action would be adjudicative rather than investigative, and would then fairly come within the definition of a claim under the policy, that is not the case here. In the January 29, 1999 letter from Kathleen P. Allyn, Acting Administrator for the Department, notifying TVT of the suspension of payments, the Department informed TVT that "the Department has suspended payment of all claims pending or subsequently submitted for payment *pending completion of the investigation* .... In the event you fail to file an appeal as required, the Department's action becomes final without right of appeal" (emphasis added). In addition, the Department notified TVT of the applicable portions of the Idaho Administrative Procedure Act (IDAPA) that apply to the suspension. These sections of IDAPA further clarify that the suspension of payments was only temporary and TVT would not be permanently barred from appealing the suspension at the conclusion of the case even if it failed to do so immediately.

Section 16.03.09.208 of IDAPA states: "The Department may suspend payments in whole or in part in a suspected case of fraud or abuse pending investigation and conclusion of legal proceedings related to the provider's alleged fraud or abuse." Section 16.03.09.208.03 further states:

Duration of Suspension of Payments. The withholding of payment actions under Section 208 of these rules will be temporary and will not continue after:

a. The Department or the prosecuting authorities determine there is insufficient evidence of fraud or willful misrepresentation by the provider; or

b. Legal proceedings related to the provider's alleged fraud or abuse are completed.

Accordingly, the suspension of payments to TVT by the Department would not have affected TVT's subsequent right to claim those funds following the completion of the investigation or legal proceedings. Following the investigation, either the Department would have found no fraud on the part of TVT and payments by the Department would have resumed or the Department would have turned the case over to a prosecutor for criminal proceedings. As TVT's rights stood when notified of the Department's suspension of payments, these rights would not have been so substantially impaired that PIIC was required to assume TVT's defense according to the terms of the policy.

IV.

LOSS AND DUTY TO DEFEND

■ Because there was no claim according to the policy and hence, no duty to defend, we need not address whether there was a loss as defined by the policy. Though TVT asserts that PIIC breached its duties of good faith and fair dealing in refusing to defend TVT, such breaches can only occur where there is a valid claim according to an insurance policy and the insurer refuses to abide by the policy. We have held:

The insurer has a duty to provide coverage if conditions are met under the insurance contract.... However, [a] claim can only be brought on the basis that a duty under the contract has been breached. Questions like "Was the claim fairly debatable?" or "Did the insurer unreasonably withhold benefit payments to the insured?" are all premised on the notion of whether the insurer acted in bad faith given the evidence of a *valid* claim under the policy.

*Robinson v. State Farm Mut. Auto. Ins. Co.,* 137 Idaho 173, 179, 45 P.3d 829, 835 (2002) (emphasis added). Because there was not a valid claim under the policy, PIIC did not breach its duty of good faith and fair dealing towards TVT.

V.

CONCLUSION

Because the investigation into TVT's billing practices was still ongoing at the time TVT attempted to tender its defense to PIIC, there was not a valid claim pursuant to the definition in the insurance policy which

created an obligation in PIIC to defend, nor was there any loss for which PIIC was obligated to compensate TVT. We affirm the decision of the district court on summary judgment and we award costs on appeal to PIIC.

Justices SCHROEDER, KIDWELL, EISMANN and BURDICK concur.