127 P.3d 116

**Jonathan PURVIS, a single man, Plaintiff–Appellant,**

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio corporation and Rossi Insurance Company, an Idaho corporation d/b/a Kellogg Insurance, Defendants–Respondents.**

No. 31410.

Supreme Court of Idaho, Lewiston, October 2005 Term.

Dec. 20, 2005.

Aherin, Rice & Anegon, Lewiston, for appellant. Darrel W. Aherin argued.

Brassey, Wetherell, Crawford & Garrett, LLP, Boise, for respondents. Robert T. Wetherell argued.

TROUT, Justice.

Appellant, Jonathan Purvis (Purvis), appeals the district court's grant of summary judgment in favor of respondents, Progressive Casualty Company and Rossi Insurance Company (collectively referred to as Progressive). This is an insurance contract dispute in which Purvis claims Progressive had a duty to defend or indemnify Purvis in connection with an underlying personal injury suit. In granting Progressive's motion for summary judgment, the district court found the insurance policy satisfied the minimum coverage standards required by Idaho law and excluded coverage for the rental car involved in the underlying personal injury suit. Purvis appeals on the grounds that the insurance policy is ambiguous, does not comply with statutory minimum standards, and should be liberally construed in favor of providing coverage. Because we find the policy unambiguously excluded coverage for the rental car and complies with Idaho's motor vehicle financial responsibility law, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 1999, Purvis obtained a business insurance policy with Progressive insuring his Toyota pick-up truck. On March 21, 2000, Purvis rented a car from Thrifty Car Rental because he needed a larger vehicle to accommodate more passengers, as his ex-wife was visiting. At the time of the rental, Purvis' Toyota was in good working condition. Purvis identified only himself as the "authorized driver" of the rental car and declined the insurance offered by Thrifty Car Rental. The day after he rented the car, Purvis gave his minor daughter, Ashley, permission to drive it. Ashley and her passenger friend, Kelly Smith (Smith), were involved in an accident that evening. Smith was severely injured in the accident and her parents sued Purvis for Smith's personal injuries. Progressive refused to defend the suit on Purvis' behalf because Progressive determined that Ashley was not an "insured driver" and the rental vehicle was not an "insured auto" as those terms were defined in the policy, thus excluding both from coverage. Ashley was found to be at fault for the accident, and the suit settled for more than one million dollars. Purvis assigned to Smith the proceeds of any right he might have to recover under the Progressive insurance policy.

Suit was then filed in Purvis' name against Progressive, alleging Progressive had a duty to indemnify Purvis against Smith's personal injury suit. The district court heard arguments on summary judgment motions made by both parties, and then granted Progressive's motion. The district court determined the insurance policy was an owner's policy that satisfied the minimum coverage required by I.C. § 49–1212. Under this valid and unambiguous policy, the district court concluded, neither Ashley nor the rental car was covered when the accident occurred. Purvis timely appealed.

## II. STANDARD OF REVIEW

In reviewing a grant of summary judgment, this Court's standard of review is the same as the district court's standard in ruling upon the motion. *Thomson v. Lewiston*, 137 Idaho 473, 475–76, 50 P.3d 488, 490–91(2002). Thus, this Court will review the record before the district court, including the pleadings, depositions, admissions and affidavits, if any, to determine de novo whether, after construing the facts in the light most favorable to the nonmoving party, there exist any genuine issues of material fact and whether the successful movant below is entitled to judgment as a matter of law. *Tusch Enters. v. Coffin*, 113 Idaho 37, 40, 740 P.2d 1022, 1026 (1987); I.R.C.P. 56(c).

## III. DISCUSSION

The issues raised in this appeal are whether the Progressive policy is ambiguous, and whether the policy satisfies Idaho's motor vehicle financial responsibility law.

### A. Ambiguity

■ Purvis claims the policy is ambiguous in that one cannot determine whether it is an owner's policy or an operator's policy. Generally, an owner's policy insures the owner of a particular automobile, while an operator's policy insures the person or operator while he or she is in the act of operating non-owned automobiles. 7 *Couch on Insurance,* § 109:48 (3d ed.). Because he claims the policy language includes both operator's and owner's coverage in a manner that would confuse a layperson, Purvis insists it should be construed against Progressive.

■ "Whether an insurance policy is ambiguous is a question of law over which this Court exercises free review." *Purdy v. Farmers Ins. Co. of Idaho,* 138 Idaho 443, 445, 65 P.3d 184, 186 (2003). In determining whether a particular provision is ambiguous, the provision must be read within the context in which it occurs in the policy. *Purdy,* 138 Idaho at 446, 65 P.3d at 187. Thus, a policy provision "is not ambiguous merely because it is poorly worded if the meaning is otherwise clear when read in context. Likewise, it is not ambiguous merely because a reader may have to stop and think about what it means." *Id.* Where policy language is found to be unambiguous, the Court is to construe the policy as written, "and the Court by construction cannot create a liability not assumed by the insurer nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability." *Anderson v. Title Ins. Co.,* 103 Idaho 875, 878–79, 655 P.2d 82, 85–86 (1982) (quoting *Miller v. World Insurance Co.,* 76 Idaho 355, 357, 283 P.2d 581, 582 (1955)). In contrast, where the policy is deemed ambiguous (i.e., is "reasonably subject to conflicting interpretations"), ambiguities will be resolved against the insurer. *Howard v. Oregon Mut. Ins. Co.,* 137 Idaho 214, 217–18, 46 P.3d 510, 513–14 (2002). This is so because insurance contracts are adhesion contracts which do not allow for equal bargaining between the parties. *Howard,* 137 Idaho at 217, 46 P.3d at 513.

■ Under the policy at issue in this case, Progressive promises to pay, "on behalf of an **insured,** damages . . . for which any insured is legally liable . . . caused by accident and resulting from the ownership, maintenance, or use of **your insured auto.**" The relevant provisions include (1) the definition of who is insured, and (2) the definition of what automobile is insured. "Insured" is defined as follows:

1. **You** while driving **your insured auto.**
2. **You** while driving any auto other than **your insured auto,** except:
 a. autos you hire or borrow from your employees or members of their households.
 b. autos furnished for your regular or frequent use.
 c. an auto hired by you unless it is specifically listed in the Policy Declarations.

 . . .

4. Anyone else driving **your insured auto** with your expressed permission. However, the owner or anyone else from whom you hire or borrow an insured auto is an insured only if that auto is a trailer connected to an insured auto you own.

The policy defines "your insured auto" as follows:

a. Any auto described in the Declarations and any auto you replace it with. If you want coverage for Liability to Others to apply to the replacement, you must notify us within 30 days of its acquisition. . . .

 . . .

c. Any auto not owned by you while you are temporarily driving it as a *substitute* for any other auto described in this definition because of its withdrawal from normal use *due to breakdown, repair, servicing, loss or destruction*

 . . . .

(emphasis added). Applying these definitions to the facts of this case, the Progressive

policy covers (i) Purvis driving his Toyota pick-up truck or a substitute vehicle (as defined in the policy); (ii) Purvis driving any automobile, except those listed in 2(a)-(c) above; and (iii) anyone else driving the Toyota or a substitute automobile with Purvis' express permission. An automobile qualifies as a "substitute auto" covered by the policy if it is temporarily being driven due to a breakdown, servicing, loss, etc., of the Toyota. A rental car hired for the sake of convenience, rather than necessity, does not qualify for coverage under this policy.

 While Purvis examines the policy provisions in great detail in an attempt to show unresolved ambiguities, the fact remains that the policy clearly identifies what is covered—the Toyota and/or its substitute, and Purvis while driving certain other vehicles—and what is not covered: the rental car does not qualify as a "substituted" vehicle because the Toyota was in working condition at the time the rental car was hired, and so was not withdrawn from use *"due to breakdown, repair, servicing, loss or destruction . . . ."* Ashley was not covered because she was not driving the Toyota or a qualified substitute vehicle with Purvis' permission at the time of the accident. That the policy does not state whether it is an operator's policy or an owner's policy, provides both owner's and operator's coverage, and states it has "some non-standard restrictions" simply does not show the policy is ambiguous. As recognized by this Court, a policy provision "is not ambiguous merely because it is poorly worded if the meaning is otherwise clear when read in context." *Purdy,* 138 Idaho at 446, 65 P.3d at 187. We agree with the district court that the Progressive policy is unambiguous and excludes Ashley and the rental car from coverage.

## B. Motor vehicle financial responsibility law

Purvis claims Progressive's policy does not satisfy Idaho's motor vehicle financial responsibility law, I.C. § 49–1212, because the policy does not provide the coverage required for either an owner's policy or an operator's policy. I.C. § 49–1212 distinguishes between the two types of policies and requires differ-

ent kinds of coverage for each. For an owner's policy, the statute lists the following requirements:

> (a) Designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is to be granted; and (b) Insure the person named therein and any other person, as insured, using any such described motor vehicles with the express or implied permission of the named insured . . . .

I.C. § 49–1212(1). Here, Progressive's policy (a) designates the Toyota as the insured vehicle, and (b) covers Purvis (the person named therein) and Ashley when she is using the Toyota with Purvis' permission, thus complying with the owner's policy requirements of I.C. § 49–1212(1). We agree with the district court's conclusion the Progressive policy is an owner's policy that satisfies the statute.

 Idaho Code Section 49–1212(2) addresses operator's policies, which must "insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him . . . ." I.C. § 49–1212(2). Progressive's policy covers Purvis when he is driving an un-owned auto, subject to certain restrictions, and this coverage gives rise to two arguments raised by Purvis. First, Purvis claims it creates an ambiguity which requires the policy to comply with the operator's policy requirements. And the policy is inadequate as an operator's policy, Purvis contends, as there can be no restrictions such as those noted on Progressive's policy because an operator must be covered for losses arising out of his use of *"any* motor vehicle not owned by him." I.C. § 49–1212(2) (emphasis added). The protection afforded Purvis while driving an un-owned automobile, however, is merely greater coverage than that required by the owner's policy statute, and this is allowed so long as the statutory minimums of one type of policy are met. *See* I.C. § 49–1212(6); *Gilpin v. Northwestern Sec. Ins. Co.,* 447 F.2d 1347 (9th Cir.1971) (construing an Arizona law similar to Idaho's and determining that an owner's policy which provided some coverage for use of a non-owned auto did not convert the policy into an

218

operator's policy). As excess coverage, that part of the policy is not subject to the strictures of Idaho's operator's policy statute. I.C. § 49–1212(6).

Second, Purvis correctly notes an operator's policy would require Progressive to insure Purvis "against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him." I.C. § 49–1212(2). Because Purvis had liability "imposed upon him by law" for his minor child's accident, and the damages arose out of use by Purvis because he gave Ashley permission to drive the rental car, Purvis contends Progressive is bound to insure him against this loss "from the liability imposed upon him by law." As already discussed, however, the Progressive policy issued to Purvis was an owner's policy, not an operator's policy, so it need not comply with the requirements of I.C. § 49–1212(2).

## IV. CONCLUSION

In sum, we agree with the district court that the Progressive policy is an unambiguous owner's policy affording the coverage required by Idaho's motor vehicle financial responsibility law. We affirm the district court's grant of summary judgment in Progressive's favor and award Progressive costs on appeal.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.