163 P.3d 211

**DOREA ENTERPRISES, INC.,**
**Plaintiff–Appellant,**

v.

**CITY OF BLACKFOOT, Defendant–**
**Respondent.**

No. 32826.

Supreme Court of Idaho,
Boise, March 2007 Term.

May 23, 2007.

judgment terminating parental rights where the evidence supported such termination.

Garrett H. Sandow, Blackfoot, for appellant.

Anderson Nelson Hall Smith, P.A., Idaho Falls, for respondent.

**424**

TROUT, Justice.

This case involves an appeal by Dorea Enterprises, Inc. (Dorea) from a district court ruling that found the City of Blackfoot (the City) immune from damages caused when the City's sewer system became blocked.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2004, an apartment building owned by Dorea suffered damage when one of the City's sewer lines became blocked and caused sewage to flood into the basement of the building. Dorea subsequently filed a tort claim against the City, alleging the City negligently operated its sewer system, because it knew a potential problem with the sewer line existed and failed to remedy the problem. When the City refused to pay on the claim, Dorea instituted this action against the City. On November 14, 2005, the City filed a motion for summary judgment, arguing that, because it had a policy to clean the sewer lines annually, it was immune from suit under the Idaho Tort Claims Act (ITCA), specifically, Idaho Code section 6–904(1). The City argued that statute provides a government entity with immunity if performing a "discretionary" function. The district court granted the City's motion, ruling that I.C. § 6–904(1) provided the City immunity, and Dorea now appeals that decision.

## II.

### STANDARD OF REVIEW

■ "In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 134 P.3d 641, 644, 142 Idaho 790 (2006). Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* The Court exercises free review over questions of law. *Id.*

## III.

### DISCUSSION

**A. Immunity under I.C. § 6–904(1)**

■ The City argues that it had a policy which required the sewer lines to be flushed annually, and thus, it qualifies for immunity pursuant to the discretionary function exception. Dorea disputes that such a policy existed and argues that the decision whether or not to flush the sewer lines was merely a routine "operational" decision, not a matter of policy making.

■ In considering a motion for summary judgment for a governmental entity involving a question of immunity under the ITCA, the reviewing court should determine:

> . . . whether tort recovery is allowed under the laws of Idaho; and, if so, whether an exception to liability found in the tort claims act shields the alleged misconduct from liability; and, if no exception applies, whether the merits of the claim as presented for consideration on the motion for summary judgment entitle the moving party to dismissal.

*Harris v. State Dep't of Health & Welfare*, 123 Idaho 295, 298 n. 1, 847 P.2d 1156, 1159 n. 1 (1992).

A governmental entity is subject to liability for money damages arising out of its negligent conduct and those of its employees acting within the course and scope of their employment to the extent a private party would be liable, pursuant to I.C. § 6–903. However, a governmental entity may qualify for immunity under one of the exceptions to government liability provided in I.C. § 6–904. For the purposes of this case, we assume the City could be liable for damages arising out of its negligence in managing the sewer system.

The City claims, however, it qualifies for the so-called "discretionary function" exception to liability found in I.C. § 6–904(1), which states in pertinent part:

A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:

1. Arises out of any act or omission of an employee of the governmental entity exercising ordinary care, in reliance upon or the execution or performance of a statutory or regulatory function, whether or not the statute or regulation be valid, or *based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.*

I.C. § 6–904(1) (emphasis added).

The discretionary function exception applies to governmental decisions entailing planning or policy formation. *Sterling v. Bloom,* 111 Idaho 211, 723 P.2d 755 (1986). There is a two-step process for determining the applicability of this exception. *Ransom v. City of Garden City,* 113 Idaho 202, 205, 743 P.2d 70, 73 (1987); *City of Lewiston v. Lindsey,* 123 Idaho 851, 856, 853 P.2d 596, 600 (Ct.App.1993). The first step is to examine the nature and quality of the challenged actions. *Id.* "Routine, everyday matters not requiring evaluation of broad policy factors will more likely than not be 'operational.'" *Ransom,* 113 Idaho at 205, 743 P.2d at 73. Decisions involving a consideration of the financial, political, economic and social effects of a policy or plan will generally be planning and "discretionary." *Id.* "While greater rank or authority will most likely coincide with greater responsibility for planning or policy formation decisions; ... those with the least authority may, on occasion, make planning decisions which fall within the ambit of the discretionary function exception." *Id.* at 204, 743 P.2d at 72. The second step is to examine the underlying policies of the discretionary function, which are: to permit those who govern to do so without being unduly inhibited by the threat of liability for tortious conduct, and also, to limit judicial re-examination of basic policy decisions properly entrusted to other branches of government. *Id.* at 205, 743 P.2d at 73. Thus, the question is whether the City's decision to flush the sewage lines was discretionary and therefore, the City would be immune from liability; or alternatively, if the City's decision was operational, and consequently, the City would be subject to liability if it failed to exercise ordinary care. *Jones v. City of St. Maries,* 111 Idaho 733, 736, 727 P.2d 1161, 1164 (1986).

First, we examine the nature and quality of the City's decision to flush the sewage lines to determine if it was a daily, routine decision not involving the consideration of policy factors (operational) or if it was a decision based on a consideration of its financial, political, economic, and social effects (discretionary). An examination of Idaho cases supports the district court's conclusion that the City's decision here was discretionary. In *Jones,* owners of a residence brought an action against the City of St. Maries alleging it was negligent in maintaining its water mains and fire hydrants, which resulted in the destruction of their house by a fire. This Court reversed a district court decision that found the City of St. Maries' conduct was operational. In its decision, the Court noted that if the City of St. Maries made a policy decision due to budgetary constraints not to inspect its water mains and fire hydrants, the decision would be discretionary, as it would involve planning rather than operational activity, and the City of St. Maries would be immune from liability "even if the decision was negligently made." *Id.*

In *Lindsey,* an owner of property condemned by the City of Lewiston for a street right-of-way counterclaimed for negligence and inverse condemnation. The Court of Appeals determined the City of Lewiston's decision when to commence the acquisition of the owner's property was discretionary, as it implicated various financial, political, economic and social considerations. *Id.* at 855, 853 P.2d at 600. In arriving at its decision, the Court of Appeals noted the challenge the City of Lewiston faced in pursuing certain projects and responsibilities due to limited financial and human resources. The Court of

Appeals concluded that allocating those resources was within the discretion of the City of Lewiston and that "this was the type of determination 'made by executives or administrators in establishing plans, specifications or schedules of operations,' the type expressly recognized by our Supreme Court as being within the discretionary function exception of I.C. § 6–904." *Id.* citing *Ransom,* 113 Idaho at 205, 743 P.2d at 73.

In this case, Jeff Guthrie, department supervisor for the City's sewage treatment plant, based on his expertise and education, made the decision to continue a previously enacted policy to flush the sewer lines on an annual basis, including the line in question. Guthrie testified that although the Department was only legally required to flush the lines every two years, he felt the City's risk would go down if it flushed on an annual basis. In arriving at this decision, Guthrie took into account the City's resources, in both manpower and machinery and whether the policy was best suited to serve the public interest. Specifically, Guthrie considered "money, budgets, the amount of people that [they] had, [specifically,] the amount of educated people." Guthrie testified that he would have preferred to flush the line quarterly, but he simply didn't have the manpower and budget to do it. While Dorea argues this decision was a mere "judgment call" and did not involve the evaluation of broad policy factors, the evidence is uncontroverted that Guthrie and the City were considering broader policy issues like manpower and budget restraints in making this decision.

The City's decision to flush the sewer lines annually was not an operational, every day decision that simply carried out existing policy. Rather, in arriving at his decision to make a policy, the sewer department supervisor was taking into account budgetary constraints and social considerations, just as the cities did in *Lindsey* and *Jones.*

The second step in the two-step analysis is to evaluate the underlying policies of the discretionary function. These policies, mentioned above, are to permit those who govern to do so without being inhibited by the threat of liability for tortious conduct and to limit judicial re-examination of policy decisions entrusted to other branches of government. Finding the City's decision discretionary in this instance would reinforce these policies. As the Court of Appeals in *Lindsey* recognized, "[w]hen and how many financial and human resources should be allocated to perform the myriad tasks of running the City ... are basic policy decisions properly entrusted to other branches of government, and it would contravene the purpose of the discretionary function exception to allow the City's decisions on those matters to be reviewed by the judicial process." 123 Idaho at 855–56, 853 P.2d at 600–01. Accordingly, we affirm the district court's determination that the City's decision was discretionary and not operational and falls within the discretionary function exception of I.C. § 6–904(1).

Dorea also argues on appeal the district court erred in determining that the doctrine of *res ipsa loquitur* did not apply to these facts. Because we affirm the district court's decision that the City has immunity for its actions here, we need not address the applicability of this doctrine.

Finally, Dorea argues on appeal that the district court erred in striking certain portions of affidavits filed by Dorea in opposition to the City's motion for summary judgment. Those affidavits dealt with the issue of negligence and whether the City was aware of problems with the sewer line in the past. Again, because of our decision on immunity, it is unnecessary for us to address those affidavits which are irrelevant to the City's immunity.

## B. Attorney's fees on appeal

██ The City seeks attorney's fees on appeal pursuant to I.C. § 6–918A and I.C. § 12–117, arguing that Dorea acted in bad faith in pursuing this appeal, because there was no reasonable basis in fact or law for challenging the district court's ruling. We find the appeal was neither frivolous nor unreasonable, and consequently, we deny the City's request for fees.

## IV.

## CONCLUSION

We affirm the district court's decision on the basis that there are no genuine issues of

material fact as to the City's immunity under I.C. § 6–904(1). We award costs on appeal to the City.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.