## IN THE SUPREME COURT OF THE STATE OF IDAHO

BRIAN ARMSTRONG and GLENDA
ARMSTRONG, husband and wife,

                  Plaintiffs/Appellants,

v.

FARMERS INSURANCE COMPANY OF
IDAHO, an Idaho Corporation;
CORPORATE DOES I – X, whose true
names are unknown,

                  Defendants/Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Docket No. 34250

Boise, February 2009 Term

2009 Opinion No. 45

Filed: April 2, 2009

Stephen W. Kenyon, Clerk

Appeal from the First Judicial District of the State of Idaho, Kootenai County.
Hon. Charles W. Hosack, District Judge.

The district court order granting summary judgment is <u>affirmed</u>. Costs are
awarded to respondent.

Ramsden & Lyons, LLP, Coeur d'Alene, for appellants. Douglas Marfice argued.

Patrick E. Miller, Coeur d'Alene, for respondent.

_____

W. JONES, Justice

### NATURE OF CASE

This case involves the question of whether a "household appliance" provision in a homeowner's insurance policy (the Policy) provides coverage for damage to a dwelling and personal property caused by the collapse of an outdoor above-ground swimming pool. The district court denied Brian and Glenda Armstrong's (Appellants) Motion for Partial Summary Judgment and found that the swimming pool was unambiguously not within the meaning of the "household appliance" provision of the Policy; thus, the court held the Policy did not provide any coverage for Appellants' claimed loss. The court then granted Farmers Insurance Company of Idaho's (Respondent) Motion for Summary Judgment on all claims. We affirm.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellants purchased homeowner's insurance through Respondent from insurance agent David Nipp (Nipp) for their residence. Nipp owns and operates his own independent insurance agency and is not an employee or general agent of Respondent. Appellants claim they asked Nipp, prior to purchasing the insurance, whether they would be covered for their swimming pool. Appellants claim Nipp told them they would be covered for the pool under the Policy. Nipp denies that this conversation took place.[1]

In July 2003, Appellants went home to find that their above-ground swimming pool had collapsed, resulting in water, mud, and debris flooding their finished basement. The pool was connected to the house by an extension cord to the filtration pump, but not by any piping or plumbing.

Appellants immediately filed a claim with Respondent for loss to their dwelling and personal property. After investigating, Respondent denied Appellants' claim. Appellants filed an appeal with Respondent, which Respondent denied. Appellants thereafter prepared and submitted to Respondent a Sworn Statement of Proof of Loss to comply with I.C. § 41-1839 and the Policy. Respondent then informed Appellants for the third and final time that it was denying their claim.

The relevant provision of the Policy expressly excludes from coverage losses to property caused by "water damage." "Water damage" is defined in part as "overflow or escape of a body of water." An exception to the water damage exclusion provides: "We insure for accidental direct physical loss to property…but only if caused by…[s]udden and accidental discharge or overflow of water…from within a household appliance." The Policy does not define the term "household appliance."

Appellants filed suit on December 23, 2003, alleging breach of contract, breach of the covenant of good faith and fair dealing, negligence, unfair trade practices and constructive fraud. Respondent filed an answer, generally denying Appellants' allegations.

On January 5, 2005, Appellants moved for partial summary judgment on the issue of whether the household appliance provision of the Policy provided coverage for damage resulting from the collapse of the swimming pool. After hearing argument, the district court denied the

---

[1] Even if the conversation had taken place, Appellants do not make it clear if they inquired as to whether the swimming pool itself was covered or whether damage resulting from the swimming pool, such as flooding caused by its collapse, was covered.

2

Motion for Partial Summary Judgment, finding the term "household appliance" to be neither ambiguous, nor commonly understood to include Appellants' above-ground swimming pool within its meaning. The court found that the Policy exception to the water damage exclusion did not apply, so the loss was excluded from coverage under the water damage provision, and Respondent was not obligated to compensate Appellants for their claimed loss.

Respondent then filed a Motion for Summary Judgment, requesting the court to dismiss Appellants' claims. In response, Appellants failed to make substantive arguments and instead relied upon the previous briefing they had submitted to the court in their Motion for Partial Summary Judgment. The court granted Respondent's motion and entered judgment against Appellants on all claims. Appellants brought this appeal and request attorney fees on appeal pursuant to I.C. § 41-1839.

### ISSUES ON APPEAL

a. Whether the district court erred in ruling that the Policy unambiguously excluded from coverage water damage resulting from the collapse of Appellants' swimming pool?

b. Whether the district court properly granted Respondent's Motion for Summary Judgment?

c. Whether Appellants are entitled to attorney fees on appeal?

### STANDARD OF REVIEW

When reviewing an order for summary judgment, the standard of review for this Court is the same standard as that used by the district court in ruling on the motion. *Mendenhall v. Aldous*, 146 Idaho 434, __, 196 P.3d 352, 354 (2008). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Dorea Enterprises, Inc. v. City of Blackfoot*, 144 Idaho 422, 424, 163 P.3d 211, 213 (2007) (citation omitted). This Court exercises free review over questions of law. *Id*.

3

## ANALYSIS

**The district court properly found that the Policy unambiguously excluded coverage for water damage resulting from the collapse of Appellants' swimming pool.**

"When interpreting insurance policies, this Court applies the general rules of contract law subject to certain special canons of construction." *Arreguin v. Farmers Ins. Co. of Idaho*, 145 Idaho 459, 461, 180 P.3d 498, 500 (2008) (quoting *Clark v. Prudential Prop. & Cas. Ins. Co.*, 138 Idaho 538, 540, 66 P.3d 242, 244 (2003)). Whether an insurance policy is ambiguous is a question of law over which this Court exercises free review. *Purvis v. Progressive Cas. Ins. Co.*, 142 Idaho 213, 216, 127 P.3d 116, 119 (2005) (citation omitted). Where policy language is found to be unambiguous, this Court is to construe the policy as written, "and the Court by construction cannot create a liability not assumed by the insurer nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability." *Id.* (citing *Anderson v. Title Ins. Co.*, 103 Idaho 875, 878-79, 655 P.2d 82, 85-86 (1982) (quoting *Miller v. World Insurance Co.*, 76 Idaho 355, 357, 283 P.2d 581, 582 (1955))). "Unless contrary intent is shown, common, non-technical words are given the meaning applied by laymen in daily usage—as opposed to the meaning derived from legal usage—in order to effectuate the intent of the parties." *Howard v. Oregon Mut. Ins. Co.*, 137 Idaho 214, 217, 46 P.3d 510, 513 (2002) (citing *Mut. of Enumclaw v. Box*, 127 Idaho 851, 853, 908 P.2d 153, 155 (1995)). Where there is an ambiguity in an insurance contract, special rules of construction apply to protect the insured. *Hall v. Farmers Alliance Mut. Ins. Co.*, 145 Idaho 313, 318, 179 P.3d 276, 281 (2008) (citation and internal quotations omitted). Under these special rules, because insurance contracts are adhesion contracts, typically not subject to negotiation between the parties, any ambiguity that exists in the contract must be construed most strongly against the insurer. *Arreguin*, 145 Idaho at 461, 180 P.3d at 500 (internal citations omitted). In determining whether a particular provision is ambiguous, the provision must be read within the context in which it occurs in the policy. *Purvis*, 142 Idaho at 216, 127 P.3d at 119.

The question before us is whether the term "household appliance" is ambiguous. In their Motion for Partial Summary Judgment, Appellants argued that the Policy covered their loss under an exception to the water damage exclusion, which provides coverage for loss resulting from a sudden discharge of water from within a household appliance. Appellants asserted that the term "household appliance" unambiguously includes within its meaning an above-ground

4

swimming pool such as the one owned by Appellants. Alternatively, Appellants argued that if the term "household appliance" is ambiguous, a reasonable person would understand it to include within its meaning an above-ground swimming pool, so the Policy should provide coverage for the loss they claim. Specifically, they argue that because a pool is a device that provides for the specific function of aquatic exercise and recreation it fits within the dictionary definition of "appliance." Further, they point out that Idaho's statutory Property Condition Disclosure Act and Seller Property Disclosure Form defines "appliance" to include "pool/hot tub," illustrating legislative intent to include swimming pools and hot tubs within the definition of "appliance." *See* I.C. § 55-2508.

Respondent argued below that the term "household appliance" unambiguously excludes swimming pools from within its meaning, thereby making the exception to the water damage exclusion inapplicable. Respondent contends that the dictionary definitions provided by both parties reflect that neither the word "appliance," nor the phrase "household appliance," has any ordinary use, meaning or application that would include a swimming pool. Moreover, Respondent argues that the Policy language "body of water" unambiguously includes a swimming pool.[2] Thus, it argues the above-ground swimming pool at issue in this case is squarely within the Policy exclusion for water damage and the "household appliance" exception is not applicable. The district court agreed with Respondent below, finding that the term "household appliance" is neither ambiguous, nor commonly understood to include Appellants' above-ground swimming pool within its meaning. It held that because Appellants' claimed loss did not fall within an exception to the water damage exclusion provision, coverage was not provided by any provision of the Policy.

To understand the phrase "household appliance" we must begin with an understanding of the meaning of each word. As noted above, common, non-technical words are given the

---

[2] In its Memorandum Opinion, the district court found that the phrase "body of water" is unambiguous and plainly includes a swimming pool within its meaning. It noted that although Idaho courts have not expressly defined the phrase "body of water" outside the context of a "navigable" body of water, the courts' usage of the phrase clearly indicates that it is used to describe some determinable amount of water, standing or flowing, that is somehow enclosed, contained or bounded. *See Selkirk-Priest Basin Ass'n, Inc. v. State ex rel. Andrus*, 127 Idaho 239, 899 P.2d 949 (1995) (discussing whether a creek constituted a navigable body of water); *Kootenai Envtl. Alliance, Inc. v. Panhandle Yacht Club, Inc.*, 105 Idaho 622, 671 P.2d 1085 (1983) (recognizing Lake Coeur d'Alene's status as a navigable lake); *Rutledge v. State*, 94 Idaho 121, 482 P.2d 515 (1971) (discussing the Boise River); *Bicandi v. Boise Payette Lumber Co.*, 55 Idaho 543, 44 P.2d 1103 (1935) (discussing whether a millpond constituted an attractive nuisance). The court then explained that "pool" is commonly defined as a "small body of still water…a deep place in a river or stream…[a] swimming pool." WEBSTER'S II NEW COLLEGE DICTIONARY 124 (1995). Thus, the district court found that a swimming pool is clearly included within the definition of "body of water."

5

meaning applied by laymen in daily usage. *Howard*, 137 Idaho at 217, 46 P.3d at 513. The adjective "household" is unambiguously defined as "[b]elonging to the house and family; domestic." BLACK'S LAW DICTIONARY 744 (8th ed. 2004). The parties have offered various definitions of the term "appliance" below and on appeal. Both parties cite to the definition of "appliance" as "a device or instrument designed to perform a specific function, especially an electrical device, such as a toaster, for household use." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 87 (4th ed. 2006). That definition lists the synonyms of "appliance" as "tool, instrument, implement, utensil" and states: "These nouns refer to devices used in the performance of work." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1820 (4th ed. 2006). "*Appliance* most frequently denotes a power-driven device that performs a specific function: *a store selling toasters and other appliances*." *Id*. (emphasis in original). Respondent also cites to the definition of "appliance" in WEBSTER'S THIRD INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE, UNABRIDGED (2002):

> A piece of equipment for adapting a tool or machine to a special purpose: accessory, fixture, attachment…a tool, instrument or device specially designed for a particular use; apparatus <fire-fighting>…a household or office utensil, apparatus, instrument, or machine that utilizes a power supply, esp. electric current (as a vacuum cleaner, a refrigerator, a toaster, an air conditioner).

"Appliance" has also been defined by the parties as "machinery and all instruments used in operating it…Things applied to or used as a means to an end…a mechanical thing, a device or apparatus," BLACK'S LAW DICTIONARY 127 (revised 4th ed. 1968) [3], and a "device, esp. one operated by electricity and designed for household use," WEBSTER'S II NEW COLLEGE DICTIONARY 55 (1995).

After carefully analyzing the various definitions offered by the parties, we hold that an outdoor above-ground swimming pool simply does not fit within the ordinary usage of the phrase "household appliance."[4] "Household appliance" as used in everyday parlance refers to devices such as toasters, electric can openers, food processors, et cetera. These are all items that are used to perform a specific *active* function such as toasting, cutting, and chopping. The common

---

[3] The Eighth Edition of Black's Law Dictionary does not define "appliance." The word was defined in previous editions of Black's, but it has since been removed.

[4] We note the definition of "appliances" in I.C. § 55-2508 is inapposite and Appellants' reliance on it is misplaced. We are tasked with interpreting the insurance policy before us, not a Seller Property Disclosure Form, thus the statute to which Appellants cite is irrelevant.

element of the various definitions of "household appliance" offered by the parties and relied upon by the district court is the character of an instrument or device *performing* a specific function. A swimming pool like the one in this case is a static object; it cannot be utilized to perform any function other than to hold water for aquatic exercise and recreation. Although Appellants have presented a creative argument, we hold that the plain and ordinary meaning of the phrase "household appliance" as applied by laymen in daily usage simply does not include an outdoor above-ground swimming pool. Therefore, we affirm the district court's finding that an outdoor above-ground swimming pool is unambiguously not within the meaning of the term "household appliance."

**The district court properly granted Respondent's Motion for Summary Judgment.**

We begin by noting that Appellants have made procedural missteps arguing this issue below and raising it on appeal. Throughout their briefing on appeal, Appellants argue that the district court erred in finding against them on the issue of coverage because, as they allege, the court wrongly interpreted the entire policy instead of limiting its review to the "household appliance" provision. The problem is that the court made its finding as to coverage when it *denied* Appellants' Motion for Partial Summary Judgment, which is an interlocutory order from which no direct appeal may be taken. *See Dominguez v. Evergreen Resources, Inc.*, 142 Idaho 7, 13, 121 P.3d 938, 944 (2005). Accordingly, we decline to review the district court's denial of Appellants' Motion for Partial Summary Judgment.

The focus now must turn to whether the district court properly granted Respondent's Motion for Summary Judgment. In this case Respondent moved for summary judgment partly based on the district court's order denying Appellants' partial motion for summary judgment. Pursuant to I.R.C.P. 56(e), once the moving party has presented evidence that there are no genuine issues of material fact, the burden shifts to the non-moving party to come forward with evidence to show that there is a genuine issue for trial. If the non-party does not so respond, summary judgment, if appropriate, shall be entered against that party. *See* I.R.C.P. 56(e).

Respondent argued to the court in its Memorandum in Support of Defendant's Motion for Summary Judgment that Appellants essentially had argued that its claims, including breach of contract, breach of the covenant of good faith and fair dealing, negligence, unfair trade practices and constructive fraud, constituted a general claim of "bad faith." Respondent relied on *Robinson v. State Farm Mut. Ins. Co.*, 137 Idaho 173, 45 P.3d 829 (2002), to argue that

fundamental to the claim of bad faith is the requirement that there must be coverage of the claim under the policy. Because the court found there was no coverage for Appellants' claimed loss under the Policy, Respondent asserted that Appellants could not establish a *prima facie* case for any of its claims. Appellants specifically declined to respond to the motion with any substantive argument, instead relying solely on their prior briefing that the court had already rejected. Appellants had the opportunity at that point to raise additional theories of coverage; they failed to do so at their own peril. Moreover, Appellants did not respond to the argument made by Respondent that Appellants' claims unrelated to coverage, namely unfair trade practices and constructive fraud, were disposed of when the court decided that the "household appliance" provision did not provide coverage for their claimed losses. They cannot now complain that the court's decision to grant summary judgment to Respondent was improper when they never attempted to respond to Respondent's arguments or raise new arguments to support their claims. Because Appellants failed to meet their burden under I.R.C.P. 56(e), we affirm the district court's decision to grant Respondent's Motion for Summary Judgment.

**Appellants are not entitled to attorney fees on appeal.**

Appellants request attorney fees pursuant to I.C. § 41-1839, which provides for the award of attorney fees where an insurer fails to pay the amount justly due to the insured after proof of loss has been furnished. Because we hold that Respondent was not obligated to pay Appellants any amount under the Policy, as the loss caused by the collapse of Appellants' outdoor above-ground swimming pool is not covered by the Policy, Appellants' request for attorney fees on appeal is denied.

## CONCLUSION

We affirm the district court's finding that the "household appliance" exception to the water damage exclusion in the Policy does not apply to Appellants' outdoor above-ground swimming pool. We affirm the district court's decision to grant summary judgment in favor of Respondent. Appellants' request for attorney fees on appeal is denied. Costs to Respondent.

Justices **BURDICK, J. JONES, HORTON** and Justice pro tem **TROUT CONCUR**.