## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 35339

JERRY E. VAVOLD, )
                                   )            **Boise, June 2009 Term**
        Petitioner-Appellant, )
                                     )            **2009 Opinion No. 105**
v. )
                                     )            **Filed: August 21, 2009**
STATE OF IDAHO, )
                                     )            **Stephen Kenyon, Clerk**
        Respondent. )

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. Honorable Jeff M. Brudie, District Judge.

The district court's dismissal of the petition for post-conviction relief is <u>affirmed</u>.

Griffard Law Offices, Boise, for appellant. Leo N. Griffard Jr. argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Ken Jorgensen argued.

_____

HORTON, Justice

Appellant Jerry E. Vavold appeals from the summary dismissal of his petition for post-conviction relief. Vavold seeks a new sentencing hearing based upon ineffective assistance of counsel and violation of his Fifth and Sixth Amendment rights. Vavold argues that the Court should retroactively apply to his case the rule announced in *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), which held that a right to counsel attaches to a psychosexual evaluation. Because Vavold fails to address in his briefing to this Court the untimeliness of his petition under I.C. § 19-4902(a), we affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 1999, Vavold entered a plea of guilty to one count of lewd conduct with a minor child under sixteen in violation of I.C. § 18-1508. The district court ordered a sexual abuse evaluation and before sentencing "very carefully" reviewed the sex offender risk assessment evaluation. The district court concluded that incarceration, rather than retained jurisdiction, was the appropriate sentence because of the danger of future criminal conduct indicated in the evaluation. The district judge sentenced Vavold on November 17, 1999, to serve

twenty years, with five years fixed. Vavold filed a motion for reduction of sentence pursuant to I.C.R. 35, which was denied. Vavold appealed from the judgment and denial of his motion for reduction of sentence. On October 27, 2000, the Idaho Court of Appeals affirmed Vavold's judgment of conviction and the order denying Vavold's I.C.R. 35 motion for reduction of sentence. *State v. Vavold*, 2000 Unpublished Opinion No. 696, Docket No. 26129 (Idaho App., October 27, 2000).

On November 26, 2007, Vavold filed a post-conviction petition asserting claims of ineffective assistance of counsel and a violation of his Fifth and Sixth Amendment rights. Vavold alleges that he requested an attorney, that he did not waive his right to counsel, and yet was never allowed counsel at his psychosexual evaluation. Vavold cited *Estrada* as authority in support of his application for post-conviction relief. The State filed a motion for summary disposition and brief in support thereof. Counsel for Vavold filed a memorandum in response to the State's motion. The district court held a hearing on the State's motion on February 27, 2008, and ordered that Vavold's petition be summarily dismissed as untimely on April 9, 2008. Vavold appeals.

## II. STANDARD OF REVIEW

Summary dismissal of a petition for post-conviction relief is the procedural equivalent of summary judgment under I.R.C.P. 56. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008).

> When reviewing an order for summary judgment, the standard of review for this Court is the same standard as that used by the district court in ruling on the motion. Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. This Court exercises free review over questions of law.

*Armstrong v. Farmers Ins. Co. of Idaho*, 147 Idaho 67, 69, 205 P.3d 1203, 1205 (2009) (citations omitted).

## III. ANALYSIS

Vavold asks this Court to retroactively apply to his case the rule articulated in *Estrada*. However, because Vavold fails to address the untimeliness of his petition under I.C. § 19-4902(a), we affirm the district court's summary dismissal.

A petition for post conviction relief may be filed at any time within one year "from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902(a). We have stated that the statute "expressly limits a party's time to bring a claim for post-conviction review to one year." *Evensiosky v. State,* 136 Idaho 189, 191, 30 P.3d 967, 969 (2001). Vavold filed the instant petition approximately seven years after the Idaho Court of Appeals affirmed his conviction and sentence on October 27, 2000. It is, therefore, facially barred by operation of I.C. § 19-4902(a).

Although the district court found that the petition was untimely, the district court also analyzed Vavold's legal claim, finding that *Estrada* did not announce a new rule of law. The district court concluded that Vavold's claim for ineffective assistance of counsel was known to him, or should have been known to him, at the time of his direct appeal and should have been raised at the latest within the one year time frame for post-conviction claims under I.C. § 19-4902(a). The district court's decision implies, but does not expressly hold, that had *Estrada* announced a new rule of law, Vavold's petition would have been timely.

In his briefing before this Court, Vavold goes no further than to adopt this implicit holding by the district court. Vavold's discussion of timeliness is limited to the statement that "[t]he potential field of candidates for relief is further narrowed to those who filed a timely application, that is, one filed within one year of the *Estrada* decision." Vavold does not make any argument, nor does he cite any constitutional provision, statute, or decision to support his implied premise that a decision announcing a new rule of law overcomes, tolls, or otherwise delays the onset of the clearly stated limitation period in I.C. § 19-4902(a). Whether I.C. § 19-4902(a) applies to Vavold's petition is a question of law, and we exercise free review over questions of law. So although Vavold may have relied on the district court's implicit holding on this issue in order to overcome the time-bar, we are unable to do the same. While we cannot ignore I.C. § 19-4902(a), neither can we address whether new rules of law with retroactive application avoid the statute's limitation because Vavold failed to adequately address it in his appellate brief.

Idaho Appellate Rule 35(a)(6) requires that an appellant's brief "contain the contentions of the appellant with respect to the issues presented on appeal [and] the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." It is true

that Vavold cites various authorities in support of his assertion that the rule announced in *Estrada* is entitled to retroactive application; however, he does not argue or support with authority the necessary link between the limitation established by I.C. § 19-4902(a) and the announcement of a new rule of law. He thus waives the issue. *Hall v. Farmers Alliance Mut. Ins. Co.*, 145 Idaho 313, 323, 179 P.3d 276, 286 (2008) (holding that although appellants cited to a case involving potential criminal and civil penalties for fraud, they did not show how the holding supported their argument regarding punitive damages and thereby waived the issue). The fact that Vavold's claim for relief is one of constitutional magnitude does not affect our analysis; we have held before that I.A.R. 35(a)(6) bars review even of such significant questions. *State v. Creech*, 132 Idaho 1, 19, 966 P.2d 1, 19 (1998) (holding that pursuant to I.A.R. 35(a)(6) Creech waived his claim of violation of his due process rights by his failure to cite legal authority to support his argument); *see also State v. Leferink*, 133 Idaho 780, 785, 992 P.2d 775, 780 (1999) (holding that under I.A.R. 35(a)(6) appellant waived his argument that there was insufficient evidence to support his conviction).

In short, despite the fact that the district court implicitly held that a retroactively applicable new rule overcomes the statutory time-bar, Vavold failed to advance argument in support of this implied holding before this Court. Pursuant to I.A.R. 35(a)(6), we decline to address whether a new rule of law avoids application of I.C. § 19-4902(a) and therefore affirm the district court's order dismissing Vavold's petition.

Finally, while we affirm the dismissal based upon I.A.R. 35(a)(6), we note, admittedly by way of dicta, that we agree with the district court's conclusion that *Estrada* did not announce a new rule of law. As the district court observed, we stated in *Estrada* that our earlier "*decisions clearly indicate* that both at the point of sentencing and earlier, for purposes of a psychological evaluation, a defendant's Fifth Amendment privilege against self-incrimination applies." 143 Idaho at 563; 149 P.3d at 838 (emphasis added). It is our view, therefore, that *Estrada* did not announce a new rule of law entitled to retroactive effect.

## IV. CONCLUSION

Because Vavold failed to address the link between I.C. § 19-4902(a) and his claim that *Estrada* announced a new rule of law, in violation of I.A.R. 35(a)(6), we affirm the district court's summary dismissal of his petition for post-conviction relief.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.